■ ALIN DAURIA et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendant.—Judgment, Supreme Court, Bronx County (Lewis Friedman, J.), entered October 29, 1990, which, after jury trial, apportioned liability as to defendant City at 95% and to plaintiff Alin Dauria at 5%, and in conformity therewith and in consideration of $250,000 settlement with defendant Jon Terry, Inc. awarded plaintiff Alin Dauria the amount of $1,460,000 and plaintiff Benjamin Dauria the amount of $142,500 exclusive of interest, costs and disbursements, unanimously affirmed, without costs.

The evidence adduced at trial reveals that plaintiff, a 27 year old wife and mother, slipped and fell on snow and ice that a City sanitation crew had plowed against a driveway area between 2290 and 2292 Bruckner Boulevard. The ice was protruding six to seven feet from the curb, and she fell as she attempted to cross from the street onto the sidewalk. The curb cut was near a store owned by Jon Terry, Inc. Plaintiff, who was diabetic and was on kidney dialysis, suffered a multiple fracture of her left ankle and experienced permanent swelling

and pain in said limb. Eventually, she had two toes amputated from her left foot as a result of her injuries.

Contrary to defendant City of New York's contention, the notice of claim and subsequent pleadings provided an adequate and reasonable basis upon which the City could have investigated the matter and no new theory was advanced at trial which prejudiced defendant. The nature of the claim and pleadings clearly put defendant on notice that the theory of this case concerned plaintiff's fall on snow and ice, as she was walking from the street to the sidewalk driveway curb cut, and that a dangerous condition had been created by the City's method of snow removal.

Additionally, there is support in the record for the jury's finding of negligence on the City's part. For a court to conclude that a jury verdict is not supported by sufficient evidence, there must be no valid line of reasoning and permissible inferences from that evidence which could possibly lead rational people to the conclusion reached by the jury (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). Here, the jury's verdict was adequately supported by the testimony of an employee of Jon Terry, Inc. and that of a City supervisor who stated that the subject area had been plowed by the City in a manner near the curb which did not meet City standards.

Finally, the jury's award in the gross amount of $800,000 for past pain and suffering and $1,000,000 for future pain and suffering to plaintiff Alin Dauria, as well as the award of $150,000, to the husband for loss of services, does not deviate materially from what would be reasonable compensation (CPLR 5501 [c]; *see, Venable v New York City Tr. Auth.,* 165 AD2d 871). Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Ross, JJ.