■ Arthur S. Hodges et al., Appellants, v City of New York, Respondent. [599 NYS2d 586] —Judgment, Supreme Court, Bronx County (Herbert Shapiro, J.), entered on or about

January 29, 1992, which, upon plaintiffs' motion to set aside the jury verdict and upon defendant's stipulation to a resulting increase of damages, awarded plaintiffs $32,212.40, unanimously affirmed, without costs.

Plaintiff alleges that he tripped on an uneven sidewalk, fracturing his elbow. The jury found damages of $50,151, consisting of $10,000 for loss of earnings, $10,000 for past pain and suffering, $30,000 for future pain and suffering, and $151 for medical expenses, and apportioned fault 80% against plaintiff and 20% against defendant. Finding the award for medical expenses and past pain and suffering to be against the weight of the evidence, the trial court increased those elements of damages to $9,087 and $100,000, respectively.

No basis exists to overturn the jury's apportionment of liability, given the evidence concerning the time of day, lighting, the condition of the sidewalk, and plaintiff's ability to observe the condition. The jury had a right to consider all factors, including plaintiff's disregard of a hazard that could have been avoided by the reasonable exercise of prudence and caution *(Garcia v City of New York,* 173 AD2d 175). Any defect in the verdict sheet was ameliorated by the trial court's instruction to the jury to award damages without consideration of the apportionment. We do not view either the increased jury award of $100,000 for past pain and suffering, or the jury award of $30,000 for future pain and suffering, to be inadequate, nor will we second guess the credibility determinations of the jury and the trial court on the issue of plaintiff wife's derivative claim. Concur—Sullivan, J. P., Carro, Wallach and Kupferman, JJ.