(April 25, 1995)

■ MARC GIRALDEZ, Appellant, v CITY OF NEW YORK, Defendant, and BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. [625 NYS2d 517] —Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered February 2, 1994, upon a jury verdict apportioning liability 40% to defendant Board of Education and 60% to plaintiff and awarding damages in the amount of $10,000, modified, on the law and the facts, to the extent of vacating the judgment in favor of plaintiff-appellant and ordering a new trial on the issue of damages for past and future pain and suffering, unless the defendant-respondent,

within 20 days after service upon its attorney of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to increase the total award to $100,000, subject to the above apportionment, and the entry of an amended judgment in accordance therewith. If defendant so stipulates, the judgment, as amended and increased, is affirmed, without costs.

Plaintiff tripped on a concrete depression and sustained a fracture of the lateral malleolus of the right ankle. Contrary to plaintiff's claim, there is no basis to disturb the jury's finding with respect to plaintiff's comparative negligence. "For a court to conclude that a jury verdict is not supported by sufficient evidence, there must be no valid line of reasoning and permissible inferences from that evidence which could possibly lead rational people to the conclusion reached by the jury." *(Dauria v City of New York,* 178 AD2d 289, 290, *lv denied* 80 NY2d 751.) Based on the size and location of the depression and the time of day and lighting conditions at the time of the accident, the jury's apportionment of 60% of the fault to plaintiff was adequately supported by the evidence *(Hodges v City of New York,* 195 AD2d 269). Further, "[t]he jury had a right to consider all factors, including plaintiff's disregard of a hazard that could have been avoided by the reasonable exercise of prudence and caution" *(supra,* at 270). Nevertheless, upon our review of the evidence, we conclude that the amount of the damages award is inadequate to the extent indicated (CPLR 5501 [c]).

Plaintiff argues that the court erred in permitting the school custodian to testify that the hole in the pavement did not constitute a dangerous condition that warranted repair, asserting that the custodian was improperly permitted to testify as a lay witness. Generally, ordinary witnesses, as opposed to expert witnesses, may only testify as to facts and not opinion *(Hartley v Szadkowski,* 32 AD2d 550). Here, the custodian's testimony was admissible since plaintiff had previously read into evidence the custodian's deposition which addressed the procedure used when he observed a defect on the sidewalk, thereby opening the door to the custodian's testimony.

The court did not improperly preclude plaintiff from introducing the medical reports of one of plaintiff's treating physicians and a physician who examined plaintiff on behalf of defendant, both of whom were deceased at the time of trial since plaintiff failed to lay a proper foundation for the reports.

Any error with respect to Dr. Yaslow's 1991 report did not prejudice plaintiff inasmuch as the precluded report contained information similar to that testified to by plaintiff's treating physician at trial, and was otherwise not helpful to plaintiff's position.

Plaintiff's contention that defense counsel made certain improper remarks during trial and summation which warrant reversal is without merit. During trial, the court issued curative instructions with respect to one comment and instructed the jury to disregard the other comment. Plaintiff's claim with respect to the argument made by defense counsel during summation is unpreserved and we decline to reach it. Concur —Rosenberger, Kupferman, Nardelli and Mazzarelli, JJ.

Murphy, P. J., dissents in a memorandum as follows: The jury was free to evaluate and conclude as to what medical evidence was credible. Further, Dr. Crane's testimony was in keeping with the jury's finding as to any future pain and suffering. An appellate court should not substitute its opinion where the trial record amply supports a jury verdict.