■ STACEY SEMEL et al., Appellants, v MATTHEW A. KLEIN et al., Respondents. [650 NYS2d 304] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Wood, J.), entered June 7, 1995, which denied their motion, *inter alia,* to set aside the jury's award of damages.

Ordered that the order is reversed, on the facts and as an exercise of discretion, with costs, and the motion is granted to the extent that a new trial is granted on the issue of damages

only, unless within 20 days after service upon the defendants of a copy of this decision and order, with notice of entry, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to increase the verdict as to damages from the sum of $15,000 to the sum of $50,000 for past pain and suffering, and from the sum of $20,000 to the sum of $100,000 for future pain and suffering, and to the entry of a judgment in the principal sum of $150,000 accordingly. In the event that the defendants so stipulate, then the order is affirmed, with costs to the plaintiffs.

The jury's award of $15,000 for past pain and suffering and $20,000 for future pain and suffering deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]; see also, Campbell v Driscoll, 190 AD2d 771; Rivera v City of New York, 170 AD2d 591). The thirty-eight-year-old injured plaintiff suffered a comminuted fracture of her distal tibia. She underwent two painful surgeries and a third surgery is a distinct possibility. She sustained a permanent partial disability, already suffers from arthritic degeneration which is likely to increase with time, continues to experience daily pain and discomfort, and can no longer engage in the bulk of the athletic activities she enjoyed prior to her injury. Based on the totality of the injured plaintiff's injuries and her pain and suffering, we conclude that the verdict was inadequate to the extent indicated.

In light of our determination, we do not reach the plaintiffs' remaining contentions. Rosenblatt, J. P., O'Brien, Ritter and Friedmann, JJ., concur.