■ BARBARA BOINOFF et al., Appellants, v RIVERBAY CORPORATION, Respondent. [665 NYS2d 958] —Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered September 26, 1996, upon a jury verdict apportioning liability 50% against plaintiff and 50% against defendant, and awarding plaintiff Barbara Boinoff unapportioned damages of $30,000 for past medical expenses, $20,000 for past pain and suffering and $10,000 for future medical expenses, and upon denial of plaintiff's motion to set aside the jury's apportionment and damage awards, unanimously modified, on the facts, and the matter remanded for a new trial on the issue of damages relating to past and future pain and suffering only, and otherwise affirmed, without costs, unless within 30 days after the date of this order defendant shall stipulate to increase the unapportioned damages for past pain and suffering to $60,000 and for future pain and suffering to $40,000, and to entry of the amended judgment in accordance therewith, in which event the judgment is affirmed, without costs.

No basis exists to overturn the jury's apportionment of liability, given, *inter alia*, the visible defect in the sidewalk upon which plaintiff tripped, her familiarity with that sidewalk and her preexisting physical condition (*see, Hodges v City of New York*, 195 AD2d 269, 270). Likewise, the jury's decision not to award damages for loss of consortium is fully supported by the record (*see, Silverstein v Harmonie Club*, 173 AD2d 378, 379).

However, we find that the awards for past and future pain and suffering deviate materially from what is reasonable compensation under the circumstances (CPLR 5501 [c]). As a result of the accident, the 58 year-old plaintiff suffered a badly fractured elbow, in her dominant left arm. She was hospitalized for ten days and underwent surgery to set the fracture of the ulna by means of a metal plate and screws. The head of the radius could not be set because it was broken into fragments and had to be removed. Plaintiff underwent physical therapy for her elbow several times a week for eight months, ultimately recovering most of the movement of the joint. However, she still had pain in the elbow, including a painful clicking. Her surgeon recommended two possible surgical procedures involv-

ing the removal of the plate and screws, and the replacement of a ligament, respectively, in order to alleviate the pain. Given the nature of the injuries, the plaintiff's age, and the surgical and rehabilitative processes, we find the $20,000 for past pain and suffering inadequate to the extent indicated (*see, Rivera v State of New York*, 205 AD2d 602; *Hodges v City of New York*, *supra*).

The record does not justify the jury's failure to award any damages for future pain and suffering. The testimony establishes anticipated medical expenses by virtue of the two surgical procedures recommended by the surgeon due to plaintiff's persistent elbow pain (*see, Skow v Jones, Lang & Wooton Corp.*, 240 AD2d 194). The fact that plaintiff continued to suffer painful limitation of the use of her arm and would require additional surgery in the future renders the jury's determination not to award damages for future pain and suffering against the weight of the evidence (*see, Sescila v Garine*, 225 AD2d 684, 685).

We have considered plaintiff's remaining contentions, including that the verdict was the product of bias, and find them to be without merit. Concur—Sullivan, J. P., Milonas, Tom, Mazzarelli and Andrias, JJ.