■ JHODA DOOKNAH et al., Appellants, v BARBARA THOMPSON et al., Respondents. [670 NYS2d 919] —In an action to recover

damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Dye, J.), entered April 21, 1997, which, upon a jury verdict, awarded the plaintiff Jhoda Dooknah damages in the principal sum of only $45,000, and failed to award damages to the plaintiff Bhogwati Dooknah for loss of consortium.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the defendants of a copy of this decision and order, with notice of entry, the defendants shall serve and file in the Office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to increase the verdict as to damages from the sum of $20,000 to the sum of $75,000 for past pain and suffering, from the sum of $25,000 to the sum of $125,000 for future pain and suffering, and to the sum of $10,000 for loss of consortium, and to the entry of an amended judgment in favor of Jhoda Dooknah in the principal sum of $200,000 and in favor of Bhogwati Dooknah in the principal sum of $10,000 accordingly. In the event the defendants so stipulate, the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.

The jury's award of $20,000 for past pain and suffering and $25,000 for future pain and suffering materially deviates from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Semel v Klein,* 233 AD2d 492, 493). The then-61-year-old plaintiff, Jhoda Dooknah, suffered a nondisplaced fracture of the right acetabulum with swelling of the right obturator internus muscle, and two fractures to the pubic ramus. He was hospitalized for two weeks and, upon his release, had to utilize a four-legged walker for two months until he could walk with a cane. Mr. Dooknah developed painful arthritis and, if there is further degeneration, a hip replacement may be required. In addition, he walks with an obvious limp. Based on the totality of his injuries and pain and suffering (*see, Semel v Klein, supra*), we conclude that the verdict was inadequate to the extent indicated.

Furthermore, based on the uncontradicted testimony that Mr. Dooknah and his wife enjoyed a lengthy marriage and he is no longer able to aid in household duties, the jury should have awarded damages for loss of consortium (*see, Rakich v Lawes,* 186 AD2d 932). O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.