■ GEORGINA S. SPORS et al., Appellants-Respondents, v LOUISE A. STOLL et al., Respondents, and DAVID M. CIUFO, Respondent-Appellant. (Action No. 1.) ABIGAIL JENSEN et al., Appellants-Respondents, v LOUISE A. STOLL et al., Respondents, and DAVID M. CIUFO, Respondent-Appellant. (Action No. 2.) DAVID M. CIUFO et al., Plaintiffs, v LOUISE A. STOLL et al., Defendants. (Action No. 3.) [684 NYS2d 372] —Order unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for past and future pain and suffering only with respect to plaintiffs Georgina S. Spors and Abigail Jensen, for past pain and suffering only with respect to plaintiff Wendy A. Levergood, and for loss of consortium with respect to plaintiff Joseph Jensen unless all defendants except Howard L. Simpson, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the verdict to plaintiff Georgina S. Spors to $100,000 for past pain and suffering and to $150,000 for future pain and suffering, to plaintiff Wendy A. Levergood to $25,000 for past pain

and suffering, to plaintiff Abigail Jensen to $100,000 for past pain and suffering and to $75,000 for future pain and suffering and to plaintiff Joseph Jensen to $5,000 for loss of consortium in which event the order is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: These three actions, arising out of a multiple-car chain-reaction accident that occurred on April 22, 1993 at approximately 3:00 P.M. near the intersection of Routes 390 and 590 in the Town of Brighton, were joined for trial. Louise A. Stoll, a defendant in all three actions, was travelling north on Route 390 in a car owned by her, came to a stop and stalled in the middle lane. Stoll was unable to restart her car, which was struck from behind by a car operated by Abigail Jensen. Passengers in that car were Wendy A. Levergood, the owner of the car, and Georgina S. Spors. A car operated by Howard Simpson was travelling behind the Jensen car. He testified that he applied his brakes after he saw Abigail Jensen apply hers and, as a result, he was struck in the rear by a car owned and operated by David M. Ciufo. According to Simpson, that impact caused his car to strike the rear of Jensen's car. Ciufo, however, denied striking Simpson's car in the rear; he testified that he had moved to the far left when he observed the impact between Stoll and Abigail Jensen. He testified that he was unable to avoid the accident because Stoll's car had moved to the left into his lane of traffic and the right front of his car struck the Stoll car. He testified that his car was struck in the right rear by Simpson's car.

In the first action Spors and Levergood, passengers in the second car, sued all four drivers. In the second action Abigail Jensen and her husband sued the other three drivers. In the third action David Ciufo and his wife sued the other three drivers and Levergood, the owner of the car driven by Abigail Jensen.

The jury apportioned fault and awarded damages in all three actions. In action No. 1, it attributed fault as follows: Stoll—40%; Simpson—0%; Ciufo—10%; and Abigail Jensen—50%. It awarded Spors damages of $35,000 for past pain and suffering and $15,000 for future pain and suffering and it awarded Levergood damages of $1,500 for past pain and suffering only. In action No. 2, it attributed fault as follows: Stoll—45%; Simpson—0%; Ciufo—20%; and Abigail Jensen—35%. It awarded Abigail Jensen damages of $25,000 each for past and future pain and suffering. Plaintiff Joseph Jensen was awarded no damages on his derivative cause of action for loss of consortium. In action No. 3, the jury found that plaintiff David Ciufo was

100% liable for the injuries he sustained so it made no award of damages. Motions to set aside the verdict were made by Spors, Levergood, the Jensens in their capacity as plaintiffs in action No. 2, and Ciufo. Supreme Court denied the respective motions.

Plaintiffs in action No. 2, Abigail and Joseph Jensen, have failed to preserve for our review their contention that the court committed reversible error in refusing to charge the emergency doctrine (see, PJI 2:14). Although the attorney for Abigail Jensen in her capacity as a defendant requested the court to charge the emergency doctrine, the attorney representing the Jensens as plaintiffs in action No. 2 did not request that charge at trial. Moreover, on appeal, Abigail Jensen in her capacity as a defendant does not contend that the charge should have been given. We note that the emergency doctrine charge would have been appropriate if it had been requested by Abigail Jensen in her capacity as a plaintiff.

Whether the court erred in denying the various motions to set aside the verdicts for inconsistency is not preserved for our review because the parties failed to object to the verdict on that ground before the jury was discharged (see, McEwen v Akron Fire Co., 251 AD2d 1044). We note, however, that the apportionments of fault in actions Nos. 1 and 2 are logically inconsistent because fault was being apportioned among the same four people although Abigail Jensen was a defendant in the first action and a plaintiff in the second. That inconsistency occurred because the court gave the jury separate verdict sheets for each action and failed to instruct them that the verdicts should be consistent.

Spors, Levergood and Abigail and Joseph Jensen each contend that the award of damages is inadequate. We agree. The testimony established that Spors suffered a fractured dislocation of her hip, necessitating surgery, traction and extended hospitalization. Furthermore, the testimony established that she will likely require a hip replacement because of the uneven surfaces of the ball and socket rubbing against each other. The testimony with respect to Levergood established that she sustained a fracture of the eye orbit, scarring below the eye and extensive pain. The testimony with respect to Abigail Jensen established that she sustained an ankle joint dislocation, torn ligaments and fractures of the tibia and fibula, as well as head and chest injuries. Because of the head injury, she was not given anesthesia before her doctor performed a painful procedure to realign the dislocated bone, and she remained in the hospital for more than one week. The testimony

further established that Abigail Jensen has permanent injuries, including arthritis in her foot, limitation of motion of her right ankle, enlargement of the back of her right foot and associated atrophy. The testimony also established that Joseph Jensen is entitled to an award of damages on his derivative cause of action for loss of consortium. In light of the testimony, we conclude that the damages awarded to each deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

We modify the order, therefore, by granting in part the motions of Spors and Levergood and of the Jensens and granting a new trial on damages for past and future pain and suffering only with respect to Spors and Abigail Jensen, for past pain and suffering only with respect to Levergood, and for loss of consortium with respect to Joseph Jensen unless all defendants except Simpson, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the verdict to Spors to $100,000 for past pain and suffering and to $150,000 for future pain and suffering; to Levergood to $25,000 for past pain and suffering; to Abigail Jensen to $100,000 for past pain and suffering and to $75,000 for future pain and suffering less the percentage of comparative fault of 35%; and to Joseph Jensen to $5,000 for loss of consortium less the percentage of comparative fault of 35%. We conclude that those amounts are the lowest amounts that can be sustained by the evidence. (Appeals from Order of Supreme Court, Monroe County, Fisher, J.—Set Aside Verdict.) Present—Denman, P. J., Green, Pine, Hayes and Boehm, JJ.