■ JOHN F. KAHL et al., Appellants, v MHZ OPERATING CORPORATION, Doing Business as GRANIT HOTEL & COUNTRY CLUB, Respondent. [703 NYS2d 842] —Mercure, J. P. Appeal from an order of the Supreme Court (Czajka, J.), entered March 3, 1999 in Ulster County, which granted defendant's motion to set aside the verdict as to damages.

In April 1995, plaintiff John F. Kahl (hereinafter plaintiff), who was then 73 years old, fell while playing ping pong on defendant's premises and fractured his hip. Following the trial of the action, the jury found that defendant was negligent, that its negligence was a proximate cause of plaintiff's injuries and that there was no comparative negligence on plaintiff's part; it awarded plaintiff damages of $250,000 for past pain and suffering and $200,000 for future pain and suffering (based on a life expectancy of nine years) and awarded $50,000 on his spouse's derivative cause of action. Supreme Court granted defendant's posttrial motion pursuant to CPLR 4404 (a) to the extent of ordering a new trial on the issue of damages unless plaintiffs stipulate to a reduction of the verdict to $125,000 for plaintiff's past pain and suffering, $100,000 for plaintiff's future pain and suffering and $25,000 on the derivative claim. Plaintiffs appeal.

We affirm. The evidence adduced at trial established that plaintiff sustained a fracture of the intertrochanteric area of his right hip. Plaintiff underwent surgery in which a large screw was inserted through the femur and up into the ball of the hip joint and secured to a stainless steel plate extending down and affixed to the femur with screws. Due to plaintiff's advanced age, no plans were made to remove the securing plate and screws. Plaintiff was hospitalized for approximately 12 days and was then transferred to a rehabilitation clinic, where he remained for an additional seven days. Plaintiff made a good recovery from the surgery and was able to walk bearing full weight on his right leg by late July 1995. Plaintiff continued to progress over the ensuing months but he was not

able to walk as far as he previously could and had continued complaints of pain in the area of the plate despite the absence of any evidence of arthritic changes. Nonetheless, after the accident, plaintiff could complete a mile walk, with a rest after one-half mile, could drive a car without restrictions, could ride on his lawn mower for 45 minutes at a time and was able to travel with his wife to Florida in 1996, to the Caribbean in 1997 and again to Florida in 1998.

The proper standard to be applied in determining a motion to vacate an award as excessive is whether the jury's verdict "deviate[d] materially from what would be reasonable compensation" (CPLR 5501 [c]; see, Duncan v Hillebrandt, 239 AD2d 811; Wendell v Supermarkets Gen. Corp., 189 AD2d 1063, 1064). "Because personal injury awards, especially those for pain and suffering, are not subject to precise quantification * * * [courts] look to comparable cases to determine at what point an award 'deviates materially' from what is considered reasonable compensation" (Karney v Arnot-Ogden Mem. Hosp., 251 AD2d 780, 782, lv dismissed 92 NY2d 942 [citations omitted]). Here, viewing like cases and according Supreme Court appropriate deference due to its superior position of being able to observe the evidence first hand and assess its effect upon the case (see, Figliomeni v Board of Educ., 38 NY2d 178, 183; Santucci v Govel Welding, 168 AD2d 845, 846), we conclude that the verdict was properly set aside as excessive unless the parties stipulate to the amounts stated by Supreme Court.

Notably, cases involving plaintiffs with similar or worse injuries have been judicially adjusted to lesser amounts. For instance, in Boinoff v Riverbay Corp. (245 AD2d 4), the 58-year-old plaintiff suffered a fractured elbow in the dominant arm, requiring a surgical plate attached with screws and a 10-day hospital stay (id.). Like plaintiff in this case, the plaintiff in Boinoff regained most of the range of motion in the affected joint but suffered from persistent pain (id.). The jury's award of $20,000 for past pain and suffering and $0 for future pain and suffering was set aside as inadequate and the awards were increased to $60,000 and $40,000, respectively (id.). Likewise, a 70-year-old plaintiff who suffered a fractured ankle had an award reduced from a total of $500,000 to $300,000 (Irby v City of New York, 184 AD2d 622; see, Spors v Stoll, 256 AD2d 1083, lv dismissed 93 NY2d 998 [plaintiff with a fractured dislocated hip requiring surgery, traction and likely hip replacement had award adjusted to $100,000 for past pain and suffering and $150,000 for future pain and suffering]; Zavurov v City of New York, 241 AD2d 491 [35-year-old plaintiff with fractured tibia

and fibula requiring open reduction surgery and insertion of metal plates and screws as well as extensive rehabilitation and physical therapy had past pain and suffering award reduced from $400,000 to $250,000, future pain and suffering award reduced from $100,000 to $75,000 and spouse's award for loss of consortium reduced from $105,000 to $25,000]; *see also, Zimmerman v Rosiek*, 245 AD2d 1048; *Yazdanpanah v Rosenfeld*, 205 AD2d 758; *Dunlap v City of New York*, 186 AD2d 782, *lv denied* 81 NY2d 703; *compare, Morrisseau v State of New York*, 265 AD2d 647).

Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.