■ JHODA DOOKNAH, Appellant, et al., Plaintiffs, v BARBARA THOMPSON et al., Respondents. [714 NYS2d 531] —In an action to recover damages for personal injuries, etc., the plaintiff Jhoda Dooknah appeals (1) from an order of the Supreme Court, Queens County (Schmidt, J.), dated June 9, 1999, which denied his motion to set aside the jury verdict as to damages for past and future pain and suffering, and for a new trial on those elements of damages, and (2), as limited by his brief, on the ground of inadequacy, from so much of an amended judgment of the same court entered August 25, 1999, as, upon awarding him damages for past pain and suffering in the sum of $30,000, and damages for future pain and suffering in the sum of $20,000, is in his favor only in the principal sum of $50,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the amended judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, the order dated June 9, 1999, is vacated, the motion is granted, and a new trial is granted on the issue of damages for past and future pain and suffering only, unless within 20

days after service upon the defendants of a copy of this decision and order, with notice of entry, the defendants shall serve and file in the Office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to increase the verdict as to damages from the sum of $30,000 to the sum of $75,000 for past pain and suffering, and from the sum of $20,000 to the sum of $125,000 for future pain and suffering, and to the entry of an amended judgment in favor of Jhoda Dooknah in the principal sum of $200,000. In the event the defendants so stipulate, the amended judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

On a prior appeal in this case, we found that the damages awarded to the plaintiff Jhoda Dooknah (hereinafter the plaintiff) did not adequately compensate him for the injuries he suffered when struck by the defendants' automobile. We directed that a new trial on the issue of damages be held unless the defendants stipulated to increase damages for past pain and suffering to $75,000, and future pain and suffering to $125,000 (*see, Dooknah v Thompson,* 249 AD2d 260). When the defendants refused to so stipulate, a new damages trial was conducted, and the jury awarded the plaintiff $30,000 for past pain and suffering, and $20,000 for future pain and suffering.

At the second trial, the plaintiff again presented expert medical testimony establishing that he sustained a nondisplaced fracture of the right acetabulum with swelling of the right obturator internus muscle, and two fractures to the pubic ramus. The plaintiff's physician testified that a fractured acetabulum causes persistent hip pain, which can be alleviated only by hip replacement surgery. The defendants countered by calling a physician who had examined the plaintiff on one occasion in 1994, but who did not testify at the first trial. Although that physician conceded that he had not reviewed X-rays or a CAT scan of the plaintiff's injuries, he challenged the conclusion of the CAT scan report which diagnosed the plaintiff's fractured acetabulum, and maintained that the plaintiff had fully recovered from the pelvic fractures and required no further medical treatment. However, the jury clearly rejected the testimony of the defendants' physician by awarding the plaintiff damages for future pain and suffering.

Based upon the nature and extent of the plaintiff's injuries, we conclude, as we did upon the prior appeal, that the verdict for past and future pain and suffering materially deviates from what would be reasonable compensation (*see,* CPLR 5501 [c]), and is inadequate to the extent indicated. O'Brien, J. P., Altman, Krausman and Goldstein, JJ., concur.