■ Floyd W. Perkins et al., Respondents, v John P. McAlonen, Jr., et al., Appellants. [735 NYS2d 634] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Moynihan, Jr., J.), entered January 30, 2001 in Warren County, upon a verdict rendered in favor of plaintiffs on, *inter alia*, the issue of liability.

Plaintiff Floyd W. Perkins (hereinafter plaintiff) sustained the injuries forming the basis for this action on July 31, 1998, when the all-terrain vehicle he was driving was struck by a pickup truck driven by defendant John P. McAlonen, Jr. and owned by defendant Cornelia H. Waller. The matter proceeded to trial, and the jury rendered a verdict apportioning liability 65% against defendants and 35% against plaintiff. The jury awarded plaintiff $35,000 for his past pain and suffering but made no award for plaintiff's future pain and suffering or on his wife's derivative cause of action. Plaintiffs moved pursuant to CPLR 4404 (a) to set aside the verdict upon the ground that the verdict as to damages was against the weight of the credible evidence. Supreme Court granted plaintiffs' motion, set aside the damage award, and ordered a new trial on the issue of damages. Defendants appeal.

In our view, Supreme Court did not err in setting aside the jury's damage award. The uncontroverted medical evidence adduced at trial showed that plaintiff, who was 72 years old at the time of the accident and had a life expectancy of 9.9 years, sustained multiple fractures of his left hip and a comminuted fracture of his left femur, requiring an open reduction and internal fixation with screws, a plate and wires. He was hospitalized for nearly two weeks and then spent a seven-week stay at a rehabilitation facility. According to plaintiff's treating physician, plaintiff has sustained a permanent partial disability and he cannot cross his leg or walk without some kind of external support. Plaintiff testified that he requires daily pain medication, needs a cane to walk outside and must lift his left leg in order to get it into the car. He also testified that he no longer performs household chores and cannot hunt, fish or play golf, activities that he regularly engaged in prior to the

accident. In addition, the evidence showed that plaintiff used to cut and carry wood to heat plaintiffs' home, made plumbing repairs, mowed the lawn and removed snow in the winter. Since the accident, however, plaintiffs have been forced to pay for wood cutting and plumbing repairs, and plaintiff's wife now must mow the lawn, remove snow and carry wood into the house.

We agree with plaintiffs that the injuries and limitations suffered by plaintiff are strikingly similar to those of the injured plaintiff in *Kahl v MHZ Operating Corp.* (270 AD2d 623), where we upheld an award of $125,000 for the injured plaintiff's past pain and suffering, $100,000 for the injured plaintiff's future pain and suffering and $25,000 on the derivative claim. The Second and Fourth Departments have ordered new trials in cases with similar hip fractures unless all parties stipulated to damage awards ranging from $75,000 to $100,000 for past pain and suffering and from $125,000 to $150,000 for future pain and suffering (*see, Dooknah v Thompson,* 276 AD2d 664, 665; *Spors v Stoll,* 256 AD2d 1083, 1083, 1086, *lv dismissed* 93 NY2d 998). Under the circumstances, we agree with Supreme Court's conclusion that the jury's verdict of $35,000 for plaintiff's past pain and suffering and awarding no damages for plaintiff's future pain and suffering or his wife's past or future loss of services could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Simeon v Urrey,* 278 AD2d 624).

As a final matter, we are not persuaded by defendants' contention that, based upon evidence of an impermissible compromise verdict, Supreme Court should have ordered a new trial on all issues.

Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.