■ MICHAEL RAMPUTI, Appellant, v RYDER CONSTRUCTION COMPANY, Respondent, et al., Defendant. [784 NYS2d 548]—

Judgment, Supreme Court, New York County (Carol Edmead, J.), entered July 2, 2003, which, after a jury trial, awarded damages in the principal amount of $180,619.50, based on defendant Ryder's 30% apportionment of liability, unanimously affirmed, without costs.

At the direction of his foreman, plaintiff, an ironworker, descended a stairway to perform assigned work in a basement. It is undisputed that all but the bottom two steps of the stairway were completed, with their red iron stair pans filled with grey concrete, and that the bottom two steps were not completed. With his foreman walking behind him, plaintiff held the handrail with his right hand and carried his tool bucket in his left. As he got to the last step, he let go of the handrail—his normal reaction because he was "continuing to the landing"—and tripped and fell, injuring his shoulder.

The jury found that Ryder violated Industrial Code (12 NYCRR) § 23-2.7 (b) (failure to provide temporary wooden

treads fitted in place in the steel stair pans), and that the violation constituted a failure to use reasonable care which was a substantial factor in causing plaintiff's injury. The jury also found that plaintiff's negligence was a substantial contributing factor, and apportioned fault 70% to plaintiff and 30% to Ryder, awarding total damages in the amount of $602,065.

Ryder's violation of the Industrial Code constitutes some evidence of negligence for which it may be held liable. However, Labor Law § 241 (6) does not impose absolute liability, and Ryder was free to raise any valid defense, including comparative negligence (see Rizzuto v Wenger Contr. Co., 91 NY2d 343, 349-350 [1998]). There was a valid line of reasoning by which the jury could find that plaintiff bore some level of culpability (see Giraldez v City of New York, 214 AD2d 461 [1995]; Hodges v City of New York, 195 AD2d 269 [1993]), as evidenced by the priming of the empty stair pans in a distinctively visible red (see Boinoff v Riverbay Corp., 245 AD2d 4 [1997]), and that plaintiff was not looking downward at his footing at the time of his fall (see Lolik v Big V Supermarkets, 210 AD2d 703, 704 [1994], revd on other grounds 86 NY2d 744 [1995]). The jury's apportionment of liability was based on a fair interpretation of the evidence, and thus should not be disturbed (see Wilson v Certain Cab Corp., 303 AD2d 252 [2003]). Concur—Tom, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.