■ ENRIQUE M. ISAAC, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [923 NYS2d 899]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Kramer, J.), dated November 24, 2009, as, upon so much of a jury verdict on the issue of liability as found it 50% at fault in the happening of the accident, and upon so much of a jury verdict on the issue of damages as awarded the plaintiff damages in the principal sums of $1,500,000 for past pain and suffering and $750,000 for future pain and suffering, is in favor of the plaintiff and against it in the principal sums of $750,000 for past pain and suffering (50% of $1,500,000) and $375,000 for future pain and suffering (50% of $750,000).

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and a new trial is granted on the issue of damages for past and future pain and suffering, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the

Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $1,500,000 to the principal sum of $1,200,000, and as to damages for future pain and suffering from the principal sum of $750,000 to the principal sum of $600,000, and to reduce the net award of damages for past pain and suffering from the principal sum of $750,000 (50% of $1,500,000) to the principal sum of $600,000 (50% of $1,200,000), and the net award of damages for future pain and suffering from the principal sum of $375,000 (50% of $750,000) to the principal sum of $300,000 (50% of $600,000), and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The award of damages for the plaintiff's past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]; *Conley v City of New York*, 40 AD3d 1024 [2007]; *Biejanov v Guttman*, 34 AD3d 710 [2006]; *Muff v Lallave Transp.*, 3 AD3d 693 [2004]; *Jansen v Raimondo & Son Constr. Corp.*, 293 AD2d 574 [2002]; *Dooknah v Thompson*, 276 AD2d 664 [2000]). Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.