■ ERASMO SANTOS et al., Respondents, v NATIONAL RETAIL TRANSPORTATION, INC., et al., Appellants. [928 NYS2d 21]—

Initially, we note that defendants failed to submit a copy of the transcript to the motion court. However, we are entitled to take judicial notice of it (*see generally Samuels v Montefiore Med. Ctr.*, 49 AD3d 268 [2008]; *see also People v Davis*, 161 AD2d 787, 788 [1990], *lv denied* 76 NY2d 939 [1990]).

Defendants failed to preserve their argument challenging the court's remarks to the jury. Any objections made in the unrecorded sidebar are insufficient to preserve the issue on appeal; defendants must make a specific objection on the record (*see Gayle v Port Auth. of N.Y. & N.J.*, 6 AD3d 183, 184 [2004]). However, because the court's error was "fundamental," we exercise our discretion to review the argument in the interests of justice (*Peguero v 601 Realty Corp.*, 58 AD3d 556, 564 [2009]).

After trial, the court submitted a verdict sheet containing ten special interrogatories in support of a general verdict. Interrogatory number six asked, "AS A RESULT OF THE ACCIDENT, HAS THE PLAINTIFF, ERASMO SANTOS, SUSTAINED A SIGNIFICANT LIMITATION OF THE USE OF A BODY FUNCTION OR SYSTEM?" Under interrogatory six, the instructional note to the jury stated, "PROCEED TO THE NEXT QUESTION." Interrogatory number seven asked, "AS A RESULT OF THE ACCIDENT HAS THE PLAINTIFF, ERASMO SANTOS, SUSTAINED A PERMANENT CONSEQUENTIAL LIMITATION OF USE OF A BODY ORGAN OR MEMBER?" The instructional note to the jury under interrogatory seven stated, "IF YOU ANSWERED 'NO' TO QUESTIONS #6, AND #7, PROCEED NO FURTHER AND REPORT YOUR VERDICT TO THE COURT. IF YOU ANSWERED 'YES' TO EITHER OF QUESTIONS #6, OR #7, PROCEED TO QUESTION #8."

The jury returned a verdict which answered "No" to interrogatories six and seven. However, rather than report the verdict as the instructions required, the jury went on to award $70,000 to Erasmo Santos for past pain and suffering, $45,000 for future pain and suffering, and $5,000 to Milagros Santos for loss of services.

Plaintiffs' counsel requested a sidebar. According to defendants' counsel, during the sidebar, he asked the court to "poll the jury as to whether it agreed with the verdict read by the [Trial] Court concerning interrogatories six and seven," and plaintiffs' counsel "requested that the [trial] Court question the jury as to its 'intent' to award damages." That discussion was not made a part of the transcript.

The court then explained to the jury, "You've given us a verdict, but the verdict is contrary to the instructions that were given to the jury on the jury sheet." After explaining the inconsistency, the court stated, "But, factually, so everybody knows what is going on, I'm going to ask each of you to let us know if it was your intention to make a monetary award or not." The trial court then polled the jury and each of the jurors answered in the affirmative.

The court was well within its discretion in making a limited inquiry into an inconsistency in the jury's verdict prior to discharging the jury (*see Sharrow v Dick Corp.*, 86 NY2d 54, 61 [1995]). However, the court's inquiry as to whether each juror intended to make a monetary award was so prejudicial as to require a new trial. Concur—Andrias, J.P., Saxe, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ.