Judgment, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about July 17, 2012, upon a jury verdict, awarding plaintiff $150,000 for past pain and suffering, $150,000 for future pain and suffering, $25,000 for past medical expenses, and $100,000 for future medical expenses, unanimously modified, on the facts, to vacate the award for future medical expenses and order a new trial solely as to such damages, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to accept a reduced award for future medical expenses of $60,000, and to the entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about December 29, 2011, which, after a jury trial, denied defendant Riverbay Corporation’s motion pursuant to CPLR 4404 (a) for a directed verdict or, in the alternative, for a new trial, unanimously affirmed.
Defendant’s motion for a directed verdict was properly denied. The jury could rationally conclude that defendant had constructive notice of the alleged defect and that the defect was not trivial from plaintiffs testimony that she tripped on a “drop” between the sidewalk and the courtyard on defendant’s premises and from the photographs of the defect submitted into evidence (see Simmons v New York City Tr. Auth., 110 AD3d 625, 625 [1st Dept 2013]). In addition, the testimony from plaintiff and her expert permitted the jury to reasonably conclude that the subject accident, and not a pre-existing condition, was the cause of the meniscus tear in plaintiff’s left knee (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). We note that although defendant failed to submit the transcript of plaintiffs expert’s testimony with its motion to set a side the verdict pursuant to CPLR 4404 (a), we have taken judicial notice of it (Santos v National Retail Transp., Inc., 87 AD3d 418 [1st Dept 2011]).
Plaintiff’s motion in limine to preclude defendant from submitting evidence of her other health conditions was properly granted since the conditions are not relevant to the treatment of her knee injury. In any event, defendant’s counsel was permitted to question plaintiff and her treating physician at length about these other health conditions, rendering harmless any al *536 leged error in its exclusion (see Ateser v Becker, 272 AD2d 219 [1st Dept 2000], lv denied 95 NY2d 762 [2000]). To the extent defendant argues that the medical conditions are relevant to damages for future loss of enjoyment of life, it does not seek to vacate that portion of the jury award.
Defendant did not preserve its argument that the trial court abused its discretion in permitting plaintiffs counsel to cross-examine defendant’s expert on collateral issues, including a prior medical malpractice claim brought against him, and his testimony in unrelated trials that the meniscus tears sustained by those plaintiffs were degenerative and not traumatic in nature. Defendant either failed to object to the line of questioning or objected on grounds that differ from those it raises on appeal (see CPLR 5501 [a] [3]; Griffin v Clinton Green S., LLC, 98 AD3d 41, 47 [1st Dept 2012]).
Although the award of $25,000 for past medical expenses is supported by the evidence, the award of $100,000 for future medical damages is excessive, given plaintiffs treating physician’s testimony that her future left knee replacement surgery and associated costs will amount to $50,000-$60,000 (see Brewster v Prince Apts., 264 AD2d 611, 617 [1st Dept 1999], lv dismissed 94 NY2d 875 [2000], lv denied 94 NY2d 762 [2000]). Defendant’s claim that the jury rushed to judgment and did not give the case due deliberation is speculative and unsubstantiated. Concur — Mazzarelli, J.P, Andrias, DeGrasse and Clark, JJ.