Brennan v Gormley (2020 NY Slip Op 01473)





Brennan v Gormley


2020 NY Slip Op 01473


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-10243
 (Index No. 8377/15)

[*1]Anna Brennan, respondent, 
v
Samuel Gormley, et al., appellants.


Bruno, Gerbino & Soriano, LLP, Melville, NY (Nathan Shapiro of counsel), for appellants.
Schonberg Law Offices of the Hudson Valley, P.C., Central Valley, NY (Susan R. Nudelman and Ryan Fagen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Orange County (Elaine Slobod, J.), dated June 22, 2018. The judgment, upon a jury verdict on the issue of liability in favor of the plaintiffs, upon a jury verdict on the issue of damages, and upon an order of the same court dated March 14, 2018, inter alia, denying that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside, as excessive, the verdict on the issue of damages, is in favor of the plaintiff and against the defendants in the principal sum of $600,000.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured when she fell while descending the stairway in front of the defendants' home. The plaintiff commenced this personal injury action against the defendants, alleging that she fell because the bottom-most step of the stairway was obscured by leaves. Following the liability portion of a bifurcated trial, the jury found that the defendants were negligent, and that their negligence was a substantial factor in causing the accident. On the issue of the plaintiff's comparative fault, the jury found that the plaintiff was negligent, but that her negligence was not a substantial factor in causing the accident. Following the damages portion of the bifurcated trial, the jury awarded the plaintiff $400,000 for past pain and suffering, and $200,000 for future pain and suffering over a period of 16 years.
The defendants moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside, as excessive, the verdict on the issue of damages. By order dated March 14, 2018, the Supreme Court denied the defendants' motion. A judgment was thereafter entered in favor of the plaintiff and against the defendants in the principal sum of $600,000. The defendants appeal.
For a court to conclude as a matter of law that a jury verdict is not supported by [*2]legally sufficient evidence, "[i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499). A jury verdict should not be set aside as contrary to the weight of the evidence unless it could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746).
Contrary to the defendants' contention, a valid line of reasoning and permissible inferences support the jury's determination that the defendants were negligent, and that their negligence was a substantial factor in causing the accident (see Cohen v Hallmark Cards, 45 NY2d at 499). The plaintiff's testimony sufficiently identified the condition that caused her to fall (see Wallace v City of New York, 108 AD3d 760, 761). The evidence at trial failed to establish, as a matter of law, that the condition at issue was both open and obvious and not inherently dangerous (see Bissett v 30 Merrick Plaza, LLC, 156 AD3d 751, 751-752; Pellegrino v Trapasso, 114 AD3d 917, 918). Moreover, the jury's determination with respect to the defendants' liability was supported by a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d at 746).
Further, the jury's determination that the plaintiff was negligent, but that her negligence was not a substantial factor in causing the accident, was not contrary to the weight of the evidence. "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Garrett v Manaser, 8 AD3d 616, 617; see Moffett-Knox v Anthony's Windows on the Lake, Inc., 126 AD3d 768, 768-769). Here, the jury could have reasonably concluded that the plaintiff was negligent in choosing to descend the stairway despite the presence of leaves, but that her negligence merely furnished the occasion for the accident (see Peters v Wallis, 135 AD3d 922, 923; PJI 2:70; cf. Karsdon v Barringer, 20 AD3d 551, 553). Accordingly, the jury's determination that the plaintiff's conduct was not a substantial factor in causing the accident was not contrary to the weight of the evidence.
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Graves v New York City Tr. Auth., 81 AD3d 589, 589; see CPLR 5501[c]). Here, considering the nature and the extent of the plaintiff's injuries, the jury's verdict on the issue of damages did not deviate materially from what would be reasonable compensation (see CPLR 5501[c]; Victor v New York City Tr. Auth., 112 AD3d 523, 524; Alfonso v Metropolitan Tr. Auth., 103 AD3d 563, 564; Kouho v Trump Vil. Section 4, Inc., 93 AD3d 761, 762-763; Karwacki v Astoria Med. Anesthesia Assoc., P.C., 23 AD3d 438, 439; Perkins v McAlonen, 289 AD2d 914, 914-915; Kahl v MHZ Operating Corp., 270 AD2d 623, 623-624; Dooknah v Thompson, 249 AD2d 260, 261).
Accordingly, we agree with the Supreme Court's determination denying that branch of the defendants' motion which was pursuant to CPLR 4404(a).
BALKIN, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court