Kopolovitch v 200 Water SPE LLC (2021 NY Slip Op 02603)





Kopolovitch v 200 Water SPE LLC


2021 NY Slip Op 02603


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Kapnick, J.P., Moulton, Scarpulla, Mendez, JJ. 


Index No. 101493/12 Appeal No. 13708 Case No. 2019-04742 

[*1]Janet Kopolovitch, Plaintiff-Appellant,
v
200 Water SPE LLC et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Paul H. Seidenstock of counsel), for appellant.
Dorf & Nelson LLP, Rye (Stephanie K. McDougall of counsel), for respondents.



Judgment, Supreme Court, New York County (Alexander M. Tisch, J.), entered May 23, 2019, upon a jury verdict awarding plaintiff the principal sum of $100,000 for past pain and suffering only, reduced to $10,000 upon the jury's apportioning 90% fault to plaintiff, unanimously affirmed, without costs.
Plaintiff's arguments regarding defendants' use of certain photographs are not persuasive given the court's swift and precise curative instruction (see Martelly v New York City Health & Hosps. Corp., 276 AD2d 373, 373 [1st Dept 2000]), and the jury's apportionment of 90% fault to plaintiff and 10% fault to defendants was not against the weight of the evidence (see generally CPLR 4404[a]; Bun Sin Lee v Pathmark Stores, 1 AD3d 219, 219 [1st Dept 2003]). It was undisputed that at the time of the accident, plaintiff did not notice the readily apparent wet condition of the floor. Moreover, expert testimony established that the floor had adequate friction for proper footwear. Conflicting evidence was presented regarding whether wet floor signs were placed prior to plaintiff's fall, whether plaintiff was using the service area in an authorized manner, and whether plaintiff's footwear could have contributed to her fall. After weighing the evidence, the jury could have reasonably determined that plaintiff's own actions were the predominant cause of her fall (see e.g. Gonzalez v City of New York, 45 AD3d 347, 348 [1st Dept 2007], lv denied 10 NY3d 701 [2008]; Ramputi v Ryder Constr. Co., 12 AD3d 260, 261 [1st Dept 2004]).
We also decline to disturb the jury's award of damages. The jury was entitled to determine that plaintiff's knee injuries were not related to her hamstring injury, as the parties presented conflicting expert opinions as to the cause of plaintiff's knee problems. The award of $100,00 for past pain and suffering was sufficient where the jury could have reasonably found that plaintiff's hamstring healed in April 2012, without permanent impairment, and that plaintiff malingered or exaggerated her symptoms (e.g. Calzado v New York City Tr. Auth., 304 AD2d 385 [1st Dept 2003]; Togut v Riverbay Corp., 114 AD3d 535 [1st Dept 2014]). The jury's decision not to award damages for future pain and suffering was supported for the same reasons. The decision not to award lost earnings was supported where plaintiff did not claim to have lost any wages between July 2011, when she fell, and April 2012, when her hamstring healed, and she failed to explain how her injury affected the commissions or bonuses she
received during that time. The jury's determination not to award future medical expenses for knee replacement surgeries was not against the weight of the evidence, where it found that plaintiff's knee injuries were not related to the accident.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021