Paus v 565 Equities, Inc. (2023 NY Slip Op 01964)

Paus v 565 Equities, Inc.

2023 NY Slip Op 01964

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Webber, J.P., Singh, Scarpulla, Rodriguez, JJ. 

Index No. 160824/15 Appeal No. 46 Case No. 2022-03164 

[*1]Bettina Paus, Plaintiff-Appellant,
v
565 Equities, Inc. et al., Defendants-Respondents, Argo Real Estate, LLC, Defendant.

Kramer, Dillof, Livingston & Moore, New York (Matthew Gaier of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for respondents.

Judgment, Supreme Court, New York County (Nancy Bannon, J.), entered June 27, 2022, upon a jury verdict in favor of defendants 565 Equities, Inc. and Tudor Realty Services Corp., unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for a new trial.
Although the court declined to employ the exact verbiage suggested by plaintiff, the jury charge on negligence was appropriate, with the court properly modifying PJI 2:90 to include the specifics of the case and incorporate the parties' contentions (see Jorgensen v New York Found. for Sr. Citizen Guardian Servs., Inc., 61 AD3d 612 [1st Dept 2009], lv denied 13 NY3d 703 [2009]; see also Spensieri v Lasky, 94 NY2d 231, 239-240 [1999]). The court also correctly instructed the jury, in response to a note sent during deliberations, that the only law they were to follow was that given in the charge.
It was error, however, to prohibit plaintiff from using the deposition transcripts of defendants' employees, who were stipulated as unavailable, to cross-examine defendants' witnesses at trial. Prior motions in limine were not required to invoke CPLR 3117(a)(3), and any objections to the testimony used could be ruled upon during the cross-examinations. Plaintiff should also have been allowed to cross-examine defendant's property manager with the video taken shortly after the accident by the building's security cameras. While it would not have been admissible to the extent that it showed subsequent remedial measures, the witness opened the door to a limited portion of the video with his testimony (see Giraldez v City of New York, 214 AD2d 461, 462 [1st Dept 1995]; see also Herrmann v Sklover Group, 2 AD3d 307, 307-308 [1st Dept 2003]). It cannot be said that these errors were harmless, as they went to the credibility of defendants' only witnesses as to liability and were about a key fact, whether the snow and ice that struck plaintiff came from the faÇade of defendants' building.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023