Gamez v Sandy Clarkson LLC (2023 NY Slip Op 05685)

Gamez v Sandy Clarkson LLC

2023 NY Slip Op 05685

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Singh, Moulton, Shulman, Rosado, JJ. 

Index No. 28003/17 Appeal No. 996 Case No. 2022-02063 

[*1]Heber Gamez, Plaintiff-Appellant,
v
Sandy Clarkson LLC, et al., Defendants-Respondents, R&R Floors LLC, et al., Defendants.
Sandy Clarkson LLC, et al., Third-Party Plaintiffs-Respondents,
v
Cecere & Sons, Inc., Third-Party Defendants.
Sandy Clarkson LLC, et al., Second Third-Party Plaintiffs- Respondents,
v
Kingstone Builders Inc., Second Third-Party Defendant- Respondent.

Pollack Pollack Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Kaufman, Dolowich & Voluck, LLP, New York (Yousra A. Depalama of counsel), for Sandy Clarkson LLC and McAlpine Contracting Co., respondents.
O'Connor Redd Orlando LLP, Port Chester (Peter Urreta of counsel), for Kingstone Builders Inc., respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about April 20, 2022, which, to the extent appealed from, denied the branches of plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and summary judgment dismissing defendants' affirmative defenses alleging assumption of risk and comparative negligence, unanimously modified, on the law, to grant so much of the motion as sought summary judgment dismissing defendants' assumption of risk affirmative defense, and otherwise affirmed, without costs.
Supreme Court should not have ruled on plaintiff's motion prior to its stipulated return date. However, plaintiff did not serve reply papers and has not asserted that he was prepared to do so timely. Moreover, plaintiff has not explained what arguments he would have made on reply (compare People v Decker, 190 AD3d 1132, 1132 [3d Dept 2021] ["Defendant represents that he intended to submit more evidence by the stated deadline for the court's consideration"]; Stout v Heyer, 40 AD3d 743, 744 [2d Dept 2007] [remitting where court denied motion to dismiss before defaulting party could file required affidavit of merit]). Thus, under these circumstances, it is unnecessary to remit the order to the motion court.
While working on a construction site, plaintiff walked down a staircase to reach his work area. Other staircases were present at the construction site. Plaintiff carried a heavy bucket of cement in one hand and a four-foot-long level in the other. At the bottom, plaintiff tripped on an uncovered gap between the stairs and the landing. Plaintiff testified that he was unable to grab the handrail because his right hand was holding the bucket of cement.
Supreme Court properly declined to grant plaintiff's motion for summary judgment on his Labor Law § 240 (1) claim. Given the existence of other means of access to the worksite, there is an issue of fact as to whether the staircase that plaintiff descended constituted a safety device under Labor Law § 240 (1) (see Waldron v City of New York, 203 AD3d 565, 565-566 [1st Dept 2022]).
Defendants did not oppose dismissal of their affirmative defense for assumption of the risk. Similarly, plaintiff failed to oppose defendant-respondent Kingstone Builders Inc.'s (Kingstone) motion for summary judgment seeking dismissal of the action and all cross-claims against it. Thus, the motion court properly dismissed plaintiff's claims against Kingstone and should have dismissed defendants' assumption of the risk defense, which are deemed abandoned (see e.g. 114 Woodbury Realty, LLC v 10 Bethpage Rd., LLC, 178 AD3d 757, 761-762 [2d Dept 2019]).
Supreme Court properly declined to dismiss defendants' affirmative defense of comparative negligence. Plaintiff admitted that he voluntarily occupied both hands by carrying heavy material while descending the staircase. There is also evidence that a
hoist may have been available to transport this material. Thus, a jury could infer that [*2]plaintiff was comparatively negligent and reduce damages accordingly (see Ramputi v Ryder Constr. Co., 12 AD3d 260, 261 [1st Dept 2004]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023