■ ESCOLASTICO OSORIA et al., Respondents, v MARLO EQUITIES, INC., Appellant. [679 NYS2d 612] —Order, Supreme Court, New York County (Andrew Siracuse, J.), entered February 20, 1998, which set aside a jury verdict awarding plaintiff $50,000 for past pain and suffering, $17,500 for past medical expenses and $0 for future pain and suffering, future medical expenses and loss of consortium, and ordered a new trial as to damages only unless the parties stipulated to $317,500 for past damages, $500,000 for future damages, and $50,000 for loss of consortium, unanimously affirmed, with costs.

We agree with the trial court that the jury awards for past and future damages were against the weight of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744), and find that the amounts the trial court would have the parties stipulate to do not deviate materially from what is reasonable compensation (CPLR 5501 [c]). Concerning past pain and suffering, it is undisputed that as a result of the fall, the 61-year-old plaintiff sustained a comminuted fracture of his right knee; was in a cylinder cast, from ankle to groin, for a month and a half and on crutches for six months; sustained atrophy of the thigh and calf as well as of the bone resulting from disuse; underwent arthroscopic surgery after 30 sessions of physical therapy did not relieve the pain, which surgery revealed damage to cartilage and bone that can only get worse; and, by the time of trial, a little over a year later, was experiencing increased pain that his doctor was recommending be immediately addressed with a second arthroscopy (*cf., Salop v City of New York*, 246 AD2d 305; *Lanpont v Savvas Cab Corp.*, 244 AD2d 208, 211). Concerning future pain and suffering, the failure to award any damages whatsoever was against the weight of largely uncontroverted evidence that plaintiff continues to suffer pain that will have to be eventually addressed with a total knee replacement (*see, Boinoff v Riverbay Corp.*, 245 AD2d 4). Also against the weight of the evidence was the jury's failure to award damages for loss of consortium (*see, Dooknah v Thompson*, 249 AD2d 260). The jury's verdict was not a compromise (*cf., Patrick v New York Bus Serv.*, 189 AD2d 611). Concur—Lerner, P. J., Sullivan, Nardelli and Rubin, JJ.