■ CHIMERE DIAW, Appellant, v EUGENE HEGMANN, Defendant, and ALIOUNE NDIAYE et al., Respondents. [714 NYS2d 208] —Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered April 1, 1999, upon a jury verdict in this personal injury action in plaintiff's favor in the amount of $60,000 for past pain and suffering but $0 for future pain and suffering, awarding plaintiff the total sum of $66,599.88 against defendants Alioune Ndiaye and the City of New York, unanimously modified, on the facts, to remand the matter for a new trial only on the issue of damages for pain and suffering and otherwise affirmed, without costs, unless within 30 days of entry of this order defendants-respondents stipulate to increase the verdict to $200,000 for past pain and suffering and $100,000 for future pain and suffering and to entry of an amended judgment in accordance therewith.

Upon review of the record, we find the verdict deviates materially from what is reasonable compensation for plaintiff in these circumstances and increase the verdict to the extent indicated. We have considered plaintiff's remaining contention and find it unavailing. Concur—Sullivan, P. J., Tom, Ellerin, Rubin and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN DAVIS, Appellant. [716 NYS2d 283] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered November 14, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Since defendant declined the court's offer to amend its charge, proposed no alternative language, and requested no other relief, defendant failed to preserve his present challenge to the court's charge and we decline to review it in the interest of justice. Were we to review this claim, we would find that in light of defendant's testimony, the court's instruction to the jury that it was permitted to consider defendant's "prior immoral acts" in determining his credibility was proper.

We perceive no abuse of sentencing discretion. Concur—Sullivan, P. J., Tom, Ellerin, Rubin and Andrias, JJ.