■ ANGEL DELVALLE, Respondent, v WHITE CASTLE SYSTEM, INC., Appellant. (And a Third-Party Action.) [715 NYS2d 57] —Judgment, Supreme Court, Bronx County (Janice Bowman, J.), entered August 23, 1999, which, upon a jury verdict, awarded plaintiff the principal sum of $507,400, and bringing up for review an order, same court and Justice, entered July 12, 1999, which denied defendant's motion to set aside the verdict, unanimously modified, on the law, to vacate the award for past and future lost earnings, and otherwise affirmed, without costs, and the matter remanded for further proceedings. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Defendant's motion to set aside the verdict as to liability on the grounds that there was insufficient evidence to support it was properly denied. "Disputes as to the proof are for the 'jury to resolve in assessing all of the evidence as well as the credibility of the witnesses' " (*Bernstein v Red Apple Supermarkets*, 227 AD2d 264, 265, *lv dismissed* 89 NY2d 961, quoting *Niewieroski v National Cleaning Contrs.*, 126 AD2d 424, 425, *lv denied* 70 NY2d 602). The evidence here was not such that it was "utterly irrational" for the jury to reach the conclusion it did (*Cohen v Hallmark Cards*, 45 NY2d 493, 499). Nor did the evidence so preponderate in defendant's favor that the jury could not have reached its conclusion upon a fair interpretation of the evidence (*see, Bernstein v Red Apple Supermarkets, supra*, at 265).

The award for past and future lost wages, however, was based only on plaintiff's testimony regarding prior employment, unsubstantiated by any tax returns or W-2 forms, and

his current employment of less than two weeks. Thus, plaintiff's past and future earnings were not established with reasonable certainty (*see*, *Razzaque v Krakow Taxi*, 238 AD2d 161, 162, citing, *e.g.*, *Poturniak v Rupcic*, 232 AD2d 541) and the award therefor cannot be permitted to stand. The jury award for future pain and suffering, on the other hand, was adequately supported and was not excessive. Concur—Nardelli, J. P., Tom, Lerner, Buckley and Friedman, JJ.