McCooe, J.
(dissenting). I respectfully dissent. The jury verdict should be affirmed on both legal and pragmatic grounds. This case presented a simple factual issue for the jury which resulted in a verdict for the tenant despite the fact that the charge incorrectly placed the burden of proof on him.
*221 The landlord argues that the verdict was against the weight of the evidence. A verdict should be set aside only if it is “utterly irrational” or if the evidence so preponderates that “the jury could not have reached its conclusion upon a fair interpretation of the evidence.” (DelValle v White Castle Sys., 277 AD2d 13 [1st Dept 2000].) The majority opinion fails to establish either standard. Even if the statement in the majority opinion that “neither side presented any persuasive proof on the critical rental value issue” (supra, at 220) is accepted, this establishes that there was not a preponderance of evidence favoring the landlord as well as the tenant.
Pragmatically, since the landlord was the unsuccessful party when the tenant had the burden of proof, it cannot win on a retrial when it has the burden of proof with the same lack of “persuasive proof.” There is no legal basis for either an interest of justice argument or a claim that the lack of knowledge by the attorneys as to the controlling law is a basis for any relief.
The judgment should be affirmed.
Parness, P. J., and Davis, J., concur; McCooe, J., dissents in a separate memorandum.