■ Flora Flaherty, Appellant-Respondent, v American Turners New York, Inc., Respondent-Appellant. [738 NYS2d 29] —Judgment, Supreme Court, Bronx County (Lottie Wilkins, J.), entered on or about August 24, 2000, which, upon a jury verdict, awarded plaintiff no future damages and awarded plaintiff damages in the principal amount of $210,000 for past pain and suffering, and, upon a decision and order of the same court and Justice dated December 15, 1998, denied defendant's motion pursuant to CPLR 4404 to set aside the verdict as con-

trary to the weight of the evidence on liability and denied plaintiff's application to add future damages, or alternatively, for a new trial on future damages, unanimously modified, on the law and the facts, to grant plaintiff's application to the extent of remanding the matter for a new trial on the issue of future damages only, and otherwise affirmed, without costs.

Plaintiff injured her left knee with a resulting knee replacement after slipping and falling on ice on the walkway leading to defendant's social club. The Supreme Court correctly determined that the jury's liability verdict was consistent with the trial evidence. The testimony at trial established that defendant's maintenance workers were responsible for clearing the sidewalks and driveways and that its security workers were responsible for clearing ice on the path leading to the door of defendant's social club. Accordingly, the jury had ample evidence to conclude that defendant exercised control over the area where plaintiff fell, sufficient to give rise to a duty of care and liability for the resulting injury. Thus, it cannot be said that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499).

The jury's award for past pain and suffering for plaintiff's knee injury does not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Diaw v Hegmann*, 276 AD2d 295; *Osoria v Marlo Equities*, 255 AD2d 132; *Blyskal v Kelleher*, 171 AD2d 718).

However, the trial court should have granted a new trial with respect to future damages. Contrary to defendant's contention, plaintiff's pre-existing physical condition need not preclude an award of future damages (*see, Boinoff v Riverbay Corp.*, 245 AD2d 4; *Kirschhoffer v Van Dyke*, 173 AD2d 7). Here, the evidence adduced at trial established that plaintiff had a more difficult and less complete recovery from her left knee replacement, two months after the subject injury, than she had from her right knee replacement arising from a pre-existing arthritic condition three years earlier. Moreover, plaintiff also proved she has never recovered the range of activities which, eventually, she was able to perform following her right knee replacement, a procedure which took place before the instant injury. Thus, the evidence supports a finding that the more recent, subject injury was not solely related to plaintiff's pre-existing arthritic condition.

Further, the jury could not properly evaluate the issue of future damages because the trial court improperly admitted

into evidence a disability report, dictated over the phone by plaintiff's physician, Dr. Comfort, transcribed by the Department of Disability, and mailed to the doctor's office. While a physician's office records are generally admissible in evidence under the "business records" exception to the hearsay rule, these records are distinguishable from physicians' reports, which are usually prepared for a specific purpose and are generally not the systematic, routine, day-by-day records which are the focus of the business records exception (*see, Wilson v Bodian*, 130 AD2d 221, 229-230). Furthermore, the basis of Dr. Comfort's statement contained within the disability report, that a left knee replacement would follow the right knee replacement, is not sufficiently reliable, especially in light of the testimony of Dr. Cobelli, plaintiff's treating orthopedist, who said there was nothing to indicate plaintiff needed a left knee replacement before the instant injury occurred. Further, the evidence established that Dr. Comfort referred plaintiff to Dr. Cobelli, a specialist, who thereafter assumed the primary role regarding her knee replacement. Since there is no assurance of the accuracy of Dr. Comfort's reported statement—which was crucial to the jury's determination regarding future damages—and since defendant did not lay a proper foundation to admit the report containing it as an exception to the hearsay rule, the report should have been excluded (*see, e.g., People v Kennedy*, 68 NY2d 569, 579-580).

In light of our determination, we need not reach plaintiff's remaining contentions. Concur—Mazzarelli, J.P., Rosenberger, Ellerin, Wallach and Marlow, JJ.