■ JACQUELINE JEFFRIES, Individually and as Parent and Natural Guardian of JAMILA PARKER, an Infant, et al., Respondents-Appellants, v 3520 BROADWAY MANAGEMENT Co. et al., Appellants-Respondents. [827 NYS2d 136]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered September 1, 2005, awarding, inter alia, damages on the jury verdict in the principal sums of $250,000

for past pain and suffering and $1,250,000 for future pain and suffering, and vacating the jury's awards of $250,000 for past lost earnings and $750,000 for future lost earnings, unanimously affirmed, without costs. Order, same court and Justice, entered May 2, 2005, which, to the extent appealed from, granted defendants' motion to set aside the jury awards for lost earnings, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The awards for pain and suffering do not deviate materially from what would be considered reasonable compensation (*see* CPLR 5501 [c]). Although plaintiff was never hospitalized, received only six months of physical therapy, and never underwent surgery with respect to her condition, the record demonstrates that she suffers daily from pain on the left side of her head and body, and that she demonstrates vasomotor changes (i.e., cyanosis and coolness in the affected hand), which confirm the diagnosis of reflex sympathetic dystrophy (RSD). Defendants mischaracterize plaintiff's testimony when they say her pain was not constant. Plaintiff testified that she suffered from constant headaches on the left side of her head, a pain she described as sometimes "stabbing" and sometimes like heavy pressure. Plaintiff testified that the pain radiated down the left side of her body and into her left hand, and sometimes into her left foot. The left hand she described as sometimes tingling, sometimes swollen, sometimes blue. Numerous experts testified regarding plaintiff's condition and the provenance of her extreme pain. Plaintiff's award is within the range of other reported awards for RSD (*see Brown v City of New York*, 309 AD2d 778 [2003]; *Jones v Davis*, 307 AD2d 494 [2003], *lv dismissed* 1 NY3d 566 [2003]; *Valentine v Lopez*, 283 AD2d 739 [2001]).

Plaintiff's testimony regarding her employment history was not supported by any tax returns, W-2 forms or other documentation. Furthermore, her "salaried" employment as a secretary ceased 10 years prior to the accident in question. Thereafter, she worked in the theatre as a stage and production manager, but proffered no documentary evidence to support her claimed loss of earnings. The testimony of Karen Baxter, one of plaintiff's alleged employers, was inadequate to meet plaintiff's burden of proof. Baxter testified only to occasional involvement by plaintiff in productions at Brown University, i.e., 6 to 10 productions over a nine-year period. Baxter was unable to furnish any documentation substantiating plaintiff's earnings. Plaintiff produced "playbills" evidencing her work in various community theatre productions, but no documentation of any

earnings in connection with same. Plaintiff's past and future earnings were not established with reasonable certainty (*see DelValle v White Castle Sys.*, 277 AD2d 13 [2000]). These jury awards were thus properly set aside and vacated.

Finally, the trial court properly exercised its discretion in precluding plaintiff's expert economist from testifying. His opinion was not based on plaintiff's work experience and was purely speculative. Concur—Tom, J.P., Saxe, Marlow, McGuire and Malone, JJ.