◼ Marianne Kutza, as Administratrix for the Estate of Thomas Pyle, Deceased, Appellant, v Bovis Lend Lease LMB, Inc., et al., Respondents. [16 NYS3d 58]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered July 25, 2013, which, to the extent appealed from, denied plaintiff's motion pursuant to CPLR 4401 and 4404 (a) to set aside the jury verdict finding the decedent 50% responsible for his accident, and awarding $100,000 for pain and suffering and no damages for loss of consortium, unanimously reversed, on the law and the facts, without costs, and the motion granted to the extent of remanding the matter for a new trial, unless the parties stipulate, within 20 days of service of a copy of this order with notice of entry, to attribute 0% of the fault for plaintiff's decedent's injuries to his own negligence, and to increase the verdict to $400,000 for pain and suffering and $50,000 for loss of consortium, and to entry of judgment accordingly.

Plaintiff's decedent, Thomas Pyle, sustained an injury to his left hand when he tripped and fell over construction debris at a building site where he was employed as a tile finisher. The jury

found that defendant Bovis Lend Lease LMB, Inc. violated Labor Law § 241 (6) by failing to comply with Industrial Code (12 NYCRR) § 23-1.7 (e) (2), but attributed 50% of the fault for Pyle's injuries to negligence on his part.

The trial court erred in charging the jury on comparative fault. "A charge on comparative fault should be given 'if there is a valid line of reasoning and permissible inferences from which rational people can draw a conclusion of [the plaintiff's] negligence on the basis of the evidence presented at trial'" (*Johnson v New York City Tr. Auth.*, 88 AD3d 321, 324 [1st Dept 2011], quoting *Bruni v City of New York*, 2 NY3d 319, 328 [2004]). Although defendants argued that the extensive debris and garbage on the floor could have easily been avoided, the jury's verdict established that defendants were responsible for keeping the area clear. Moreover, Pyle was not obligated to clear the floor of garbage and there was no clear path that Pyle could use. Thus, the charge was not warranted because no evidence of culpable conduct on the part of Pyle was shown here (*see Once v Service Ctr. of N.Y.*, 96 AD3d 483, 483-484 [1st Dept 2012], *lv dismissed* 20 NY3d 1075 [2013]).

Plaintiff's argument about the verdict sheet is unpreserved for appellate review since she failed to raise it before the sheet was submitted to the jury (*Singh v Young Manor, Inc.*, 23 AD3d 249, 249 [1st Dept 2005]).

The evidence established that, as a result of his hand injury, Pyle developed, inter alia, nerve damage, painful symptoms consistent with reflex sympathetic dystrophy, anxiety, and significant limitation of the use of his left hand due to permanent contracture of the fingers. Upon a review of other relevant cases, we find that the award of $100,000 for pain and suffering materially deviates from reasonable compensation (*see Serrano v 432 Park S. Realty Co., LLC*, 59 AD3d 242, 242-243 [1st Dept 2009], *lv denied* 13 NY3d 711 [2009] [affirming $600,000 past pain and suffering award where the plaintiff suffered a wrist fracture and herniated disc, and developed reflex sympathetic dystrophy and post-traumatic stress disorder associated with major depressive disorder]; *Jeffries v 3520 Broadway Mgt. Co.*, 36 AD3d 421, 422 [1st Dept 2007], *lv denied* 8 NY3d 811 [2007] [affirming $250,000 past pain and suffering award for diagnosis of reflex sympathetic dystrophy]).

The jury's decision not to award damages to plaintiff for loss of consortium was against the weight of the evidence (*see Osoria v Marlo Equities*, 255 AD2d 132 [1st Dept 1998] [affirming $50,000 loss of consortium award where plaintiff fractured his knee, was in a cast from ankle to groin for a month and a

half and on crutches for six months, sustained atrophy of the thigh, calf and bone, and suffered chronic pain]; *Safchik v Board of Educ. of City of N.Y.*, 158 AD2d 277, 279 [1st Dept 1990] [holding that verdict of zero dollars on husband's claim for loss of consortium was inconsistent with the verdict awarding wife compensation for her painful and debilitating injury]). Plaintiff described significant changes in Pyle's behavior after his accident and explained the impact this had on their relationship. On this record, the jury's decision to award damages for pain and suffering, but none for loss of consortium, is inconsistent. Accordingly, we reverse and remand unless the parties stipulate to the increased awards, as indicated above. Concur—Mazzarelli, J.P., Sweeny, Saxe, Richter and Manzanet-Daniels, JJ.