Natoli v City of New York (2020 NY Slip Op 00988)





Natoli v City of New York


2020 NY Slip Op 00988


Decided on February 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2020

Friedman, J.P., Renwick, Kern, Oing, JJ.


10991 154612/12

[*1] Nicholas Natoli, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Appellants.


Mauro Lilling Naparty LLP, Woodbury (Anthony F. DeStefano of counsel), for appellants.
Asta & Associates, PC, New York (Michael Asta of counsel), for respondent.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered April 29, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion pursuant to CPLR 4404 to set aside the verdict, and granted plaintiff's cross motion pursuant to CPLR 4404 to set aside the verdict to the extent of directing a new trial on the issues of past and future pain and suffering unless defendants stipulated to an increase in the jury's awards for those categories of damages, unanimously affirmed, without costs.
In a prior appeal, we determined that a triable issue of fact existed as to the weight of the wooden pallet/skid involved in plaintiff's accident, and whether a safety device was therefore required by Labor Law § 240(1) when plaintiff and a
coworker were attempting to move it (see 28 ad3d 148 AD3d 489 [1st Dept 2017]). At trial, plaintiff's expert engineer testified that, based on its size, weight, and configuration, it was unsafe for two laborers, such as plaintiff and his coworker, to manually move the pallet/skid, and that a safety device, such as a hoist, crane, gantry crane, or panel truck, was required. This testimony afforded the jury a valid line of reasoning and permissible inferences to conclude that defendants violated Labor Law § 240(1), and its verdict is therefore supported by legally sufficient evidence (see Gutierrez v Harco Consultants Corp., 157 AD3d 537 [1st Dept 2018]; Cardenas v One State St., LLC, 68 AD3d 436 [1st Dept 2009]; see generally Killon v Parrotta, 28 NY3d 101, 108 [2016]; Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]).
The court properly declined to set aside the jury's verdict on the ground of juror confusion. There is no evidence on the trial record "that the jury was substantially confused' by the verdict sheet and the charge and thus was unable to make a proper determination upon adequate consideration of the evidence"
(Martinez v Te, 75 AD3d 1, 6 [1st Dept 2010] [citation omitted]; see Selzer v New York City Tr. Auth., 100 AD3d 157, 164-165 [1st Dept 2012]; Breen-Burns v Scarsdale Woods Homeowners' Assn. Inc., 73 AD3d 661, 662 [1st Dept], lv dismissed 15 NY3d 837 [2010], lv denied 16 NY3d 704 [2011]; see also Sharrow v Dick Corp., 86 NY2d 54, 60-61 [1995]).
Contrary to defendants' contention, the jury was entitled to credit the testimony of plaintiff's treating orthopedic surgeon and neurologist, as well as that of his expert economist, which was legally sufficient to support the awards for future medical expenses and future lost earnings with the requisite degree of reasonable certainty (see Coleman v City of New York, 87 AD3d 401, 401 [1st Dept 2011]; see generally Beh v Jim Willis & Sons Bldrs., Inc., 28 AD3d 1227, 1227-1228 [4th Dept 2006], cited in Peat v Fordham Hill Owners Corp., 110 AD3d 643, 645 [1st Dept 2013], lv denied 23 NY3d 903 [2014]; compare Martinez v Metropolitan Transp. Auth., 159 AD3d 584, 585 [1st Dept 2018]; Jeffries v 3520 Broadway Mgt. Co., 36 AD3d 421, 423 [1st Dept], lv denied 8 NY3d 811 [2007]).
Finally, plaintiff's failure to object to the jury's award of $0 for both past and future pain and suffering as inconsistent with the jury's awards for past and future lost earnings and future medical expenses did not preclude the court from deciding whether " the jury's failure to award [*2]damages for pain and suffering [wa]s contrary to a fair interpretation of the evidence and constitute[d] a material deviation from what would be reasonable compensation'" (Ramos v New York City Hous. Auth., 280 AD2d 325, 326 [1st Dept 2001] [internal quotation omitted]; see Stanford v Rideway Corp., 161 AD3d 505 [1st Dept 2018] [separately evaluating whether jury's award of $0 for past pain and suffering was against the weight of the evidence and deviated from what would be reasonable compensation even though plaintiff had waived her argument that the jury's verdict was inconsistent]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 11, 2020
CLERK