Iuculano v City of New York (2023 NY Slip Op 01478)

Iuculano v City of New York

2023 NY Slip Op 01478

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Shulman, JJ. 

Index No. 151380/20 Appeal No. 17551 Case No. 2022-03379 

[*1]Andrew Iuculano, Plaintiff-Respondent,
v
The City of New York et al., Defendants-Appellants, Howard Baumaister, Defendant.

Lewis Brisbois Bisgaard & Smith LLP, New York (James M. Strauss of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Kelly Breslauer of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about June 22, 2022, which, to the extent appealed from, granted plaintiff's motion for summary judgment as to liability on the Labor Law § 240 (1) claim, unanimously affirmed, without costs.
At his hearing pursuant to General Municipal Law § 50-h, plaintiff testified that he had assisted his foreman and several coworkers in raising a set of vertical legs and a horizontal five beam to form one side of a sidewalk shed, and that he then went about cleaning garbage and debris on the job site for 15 to 20 minutes, when the legs and five beam fell as the foreman and coworkers were attempting to move them, and struck plaintiff. However, in an affidavit submitted in opposition to plaintiff's motion, the foreman averred that the legs and five beam instead fell as they were being lifted with braces, because one of the coworkers lost his grip at the base.
There are no issues of fact as to either the nonexistence (under plaintiff's version of events) or inadequacy (under plaintiff's foreman's version of events) of the safety devices involved in plaintiff's accident that would preclude summary judgment in his favor on his Labor Law § 240 (1) claim (see e.g. Cashbamba v 1056 Bedford LLC, 168 AD3d 638, 639 [1st Dept 2019]). Under plaintiff's version of events, no safety devices were in place to afford plaintiff proper protection against the legs and five beam falling and striking him as plaintiff's foreman and coworkers attempted to reposition it (see e.g. Encarnacion v 3361 Third Ave. Hous. Dev. Fund Corp., 176 AD3d 627 [1st Dept 2019]; Pritchard v Tully Constr. Co., Inc., 82 AD3d 730 [2d Dept 2011]). Under plaintiff's foreman's version of events, the braces that he said were being used to raise the legs and five beam clearly failed to afford plaintiff proper protection against their falling and striking him (see e.g. Runner v New York Stock Exch., Inc., 13 NY3d 599 [2009]; Jarama v 902 Liberty Ave. Hous. Dev. Fund Corp., 161 AD3d 691, 692 [1st Dept 2018]). That plaintiff's foreman averred that the legs and five beam fell because one of the coworkers lost his grip is irrelevant, as people are not safety devices within the meaning of Labor Law § 240(1) (see Rodriguez v BSREP UA Heritage LLC, 181 AD3d 537, 538 [1st Dept 2020]; Noor v City of New York, 130 AD3d 536, 541 [1st Dept 2015], lv dismissed 27 NY3d 975 [2016]; cf. e.g. Natoli v City of New York, 180 AD3d 477, 478 [1st Dept 2020] [verdict that the defendants violated Labor Law § 240(1) was supported by legally sufficient evidence that, "based on its size, weight, and configuration, it was unsafe for two laborers, such as plaintiff and his coworker, to manually move [a skid], and that a safety device . . . was required"]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023