| **Genao v Delacruz** |
| :---: |
| 2024 NY Slip Op 30485(U) |
| February 14, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155768/2020 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JAMES G. CLYNES**        PART           **22M**

*Justice*

-----------------------------------------------------------------X

SANTA GENAO

                     Plaintiff,

- v -

ORLANDO DELACRUZ,

                     Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155768/2020 |
| MOTION DATE | 01/08/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40

were read on this motion to/for           JUDGMENT - SUMMARY          .

Upon the foregoing documents, the motion by Defendant Orlando Delacruz for summary judgment on the grounds that Plaintiff's claimed injuries do not satisfy the serious injury threshold under Insurance Law 5102(d) is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a July 27, 2018 motor vehicle accident. Plaintiff's Bill of Particulars alleges injures to her cervical spine, thoracic spine, lumbosacral spine, left shoulder, left knee and left hip/pelvis and that those injuries fall within the categories set forth under Insurance Law 5102(d).

The burden rests upon the movant to establish that the plaintiff has not sustained a serious injury (*Love v Bennett*, 122 AD2d 728[1st Dept 1986]). When the movant has made such a showing, the burden shifts to the plaintiff to produce prima facie evidence to support the claim of serious injury (*see Lopez v Senatore*, 65 NY2d 1017[1985]).

In support of their motion, Defendants rely on the affirmed independent examination report of Dr. Salvatore Corso who reported that Plaintiff's cervical spine, left knee and left hip were all resolved and that there was no permanent or significant injury as a result of the accident on July 27, 2018.

155768/2020 GENAO, SANTA vs. DELACRUZ, ORLANDO
Motion No. 001

Page 1 of 6

1 of 6

Dr. Corso did not review any medical records, Magnetic Resonance Image (MRI) or X-Ray report and noted his opinion was based solely on his examination on April 15, 2022. He indicated that he reviewed the Verified Bill of Particulars, report of Motor Vehicle accident and Police accident report. Dr. Corso performed an independent orthopedic evaluation on April 15, 2022, for the purpose of evaluation not treatment. Dr. Corso measured Plaintiff's range of motion using a standard hand-held goniometer and based his normal range of motion on the AMA guidelines. Dr. Corso found that range of motion of the cervical spine revealed flexion of 50 degrees (50 degrees normal), extension of 60 degrees (60 degrees normal), right and left rotation to 80 degrees (80 degrees normal), and right and left lateral flexion to 45 degrees (45 degrees normal), without pain. Dr. Corso performed the Foraminal compression test, Spurling test and Traction test and they were all negative; range of motion for the thoracic spine and lumbosacral spine yielded normal ranges. The Clonus test, Laguere's test, forward flexion, straight leg raising, bilaterally, Lasegue's test, Kernig test and Waddell's test were performed and were all negative. Dr. Corso performed the Faber test and the Trendelenburg test with regards to the Left hip/pelvis which were both negative; range of motion was normal and no instability was found. Finally, Dr. Corso performed a Sulcus test, Hawkin's impingement sign, Neer's impingement sign, Apprehension test, Liftoff test, Speed's test, O'Brien test with regards to the left shoulder/arm and the Lachman's test, Anterior Drawer test, Valgus/Varus, Patellar apprehension test, Patellar Grind test, J-Sign and McMurray test with regards to the left knee/leg. He noted no atrophy and normal range of motion for both left shoulder/arm and left knee/leg. He concluded the Plaintiff's alleged cervical sprain, alleged thoracic sprain, alleged lumbar sprain, left shoulder/arm sprain, alleged left knee/leg, alleged left hip/pelvis and alleged ribs sprain were resolved. In his opinion, there was no objective clinical findings indicative of a present disability, and functional impairment which prevented the Plaintiff from usual activities including work, school and hobbies.

Defendant has met his initial burden of establishing that Plaintiff did not sustain serious injuries as a result of the accident under Insurance Law 5102(d) (*Perez v Rodriguez*, 25 AD3d 506

155768/2020  GENAO, SANTA vs. DELACRUZ, ORLANDO
Motion No. 001

Page 2 of 6

2 of 6

[1st Dept 2006]). The burden therefore shifts to Plaintiff to produce prima facie evidence to support her claim of serious injury.

In opposition, Plaintiff relied on the treatment records and affirmation of Dr. Dov Berkowitz and Dr. Graeme Whyte, who are Orthopedic surgeons in the same practice actively participating in the diagnosis and treatment of Plaintiff, the affirmation and MRI report of Dr. Priyesh Patel, the affirmation of Dr. Regina Moshe, the supervisor of Dr. B.V. Reddy Synder, Diagnostic Radiologist and the X-Ray reports obtained from New York-Presbyterian Weill-Cornell Medical Center on the date of the accident, July 27, 2018. The Bill of Particulars notes that the Plaintiff had lumbosacral spine surgery on October 16, 2018 and October 23, 2018 along with a trigger point injection.

Dr. Whyte initially examined Plaintiff; Dr. Berkowitz noted, "The patient came to my office for a consultation with Dr. Whyte on May 21, 2019". Dr. Berkowitz notes that Plaintiff complained of left shoulder pain and had significant pain in the posterolateral aspect and lateral aspect of the left hip. Dr. Whyte performed a physical examination of the left knee, left shoulder, and left hip and found significant limitation with respect to internal rotation, and external rotation was to 20 degrees (normal 45 degrees). Dr. Berkowitz notes the MRI report, which was available to Dr. Whyte, was positive for tearing of the labrum. The MRI report of the left knee was positive for joint effusion as well as ligamentous sprain injury. Dr. Berkowitz noted routine x-rays of the pelvis, right knee, and left hip demonstrated adequate joint space. Dr. Berkowitz notes that the Plaintiff was re-evaluated by his office on June 18, 2019, September 3, 2019 and December 3, 2019 as shown in the office files kept by himself and Dr. Whyte.

The medical reports of Dr. Whyte can be authenticated as business records by Dr. Berkowitz's office manager or Dr. Berkowitz, Plaintiff's treating physician, "...notwithstanding that these records contained reports from other doctors, based on the treating physician's testimony that they were created in the ordinary course of business for the purposes of diagnosis and treatment (*Freeman v Shtogaj*, 174 AD3d 448, 449 [1st Dept 2019] *citing Freeman v. Kirkland*, 184 AD2d 331 [1st Dept 1992]). They will be properly admitted since, the assumption is "..that

155768/2020 GENAO, SANTA vs. DELACRUZ, ORLANDO
Motion No. 001

Page 3 of 6

3 of 6

the notes and records routinely kept by the treating doctors in the course of their practice will be produced and identified at trial and will be authenticated by a witness with personal knowledge of such record keeping matters…Business entries of this kind are admissible in evidence for the truth of the matters asserted in such records." Generally, "a physician's office records, supported by the statutory foundation set forth in CPLR 4518(a), are admissible in evidence as business records." *(see* CPLR 2306, 4518 (c) and 4532-a; *Flaherty v Am. Turners NY, Inc.,* 291 AD2d 256, 258 [1st Dept 2002]). Finally, Dr. Berkowitz re-evaluated the Plaintiff for treatment purposes on February 7, 2023. He found that the MRI showed tendinosis of the rotator cuff and the MRI of the left hip was positive for tearing of the labrum at the anterior and anterosuperior aspects, Plaintiff had loss of motion specifically in her left hip and left shoulder and that plaintiff would benefit from a continued course of treatment. The Hawkin's, O'Brien's sign tests were also performed which were positive for the left shoulder and a mild positive McMurray's test also resulted. Dr. Berkowitz did not rely on Dr. Whyte physical examination as the principal basis of his opinion but merely as a link in the chain of data. He primarily relied on his own re-evaluation and physical examination performed on February 7, 2023, the tests he performed and the MRI report and CT scan that were performed on plaintiff and "… the materials reviewed by the expert were "of [the] kind accepted in the profession as reliable in forming a professional opinion" (*People v Sugden,* 35 NY2d 453 [1974]). Dr. Berkowitz is thus allowed to testify as an expert with regards to the non-testifying treating doctor reports and reach a legal conclusion. Dr. Berkowitz opined that the Plaintiff's injuries and subsequent treatment were, related to the July 27, 2018 motor vehicle accident and there was permanent injury to her left hip.

Dr. Patel, a board-certified Diagnostic Radiologist in the submitted affirmation had the same findings in the interpretation of the MRI of the left hip, signed on August 16, 2018. Dr. Patel found a tear of the anterior and anterior/superior labrum, a sprain in the ACL of the left knee in the MRI signed August 22, 2018 and tendinosis of the supraspinatus and infraspinatus tendons with fraying of the bursal surface fibers in the MRI of the left shoulder, signed September 29, 2018.

155768/2020  GENAO, SANTA vs. DELACRUZ, ORLANDO
Motion No. 001

Page 4 of 6

4 of 6

[* 4]

Dr. Moshe affirmed the MRI performed by Dr. B.V. Reddy, Diagnostic Radiologist which showed central subligamentous herniations with regional nerve root impingement in the MRI of the cervical spine and acute appearing herniation with regional exiting nerve encroachment and posterior disc bulges with central regional nerve root encroachment in the MRI of the lumbar spine.

Plaintiff's evidence raises an issue of fact as to whether permanent consequential limitation of the hip or shoulder was sustained (*see Mitchell v Calle*, 90 AD3d 584 [1st Dept 2011]; *Djetoumani v. Transit, Inc., et al*, 50 AD3d 944 [2nd Dept 2008]). Dr. Berkowitz's examination along with the MRI reviews by Dr. Patel and Dr. Moshe makes his report sufficient to demonstrate continuing limitations (*De los Santos v. Basilio*, 176 AD3d 544, 545 [1st Dept 2019]; *Frias v Son Tien Liu*, 107 AD3d 589[1st Dept 2013]). If a claimant can satisfy at least one of the serious injury thresholds, then the claimant is permitted to recover for all damages proximately caused by the accident, even those that are not considered "serious" (*Rubin v SMS Taxi Corp.*, 71 AD3d 548 [1st Dept 2010]). As Plaintiff has shown sufficient evidence of serious injury to her left hip/pelvis and has been declared permanently injured in her left hip, it is not necessary to determine the adequacy of the evidence as to her left knee or left shoulder. She may be entitled to recover for all injuries causally related to the subject accident (*see Linton v. Nawaz*, 14 NY3d 821 [2010]; *Rubin v SMS Taxi Corp.*, 71 AD3d 548 [1st Dept 2010]). Therefore, the Court need not determine whether Plaintiff's other injuries fall into one of the serious injury categories under Insurance Law 5102(d).

With respect to the 90/180 days category of serious injury, Dr. Berkowitz's reported permanency of Plaintiff's injury and limitation to some extent in activities of daily living is competent evidence that Plaintiff was unable to perform substantially all of her normal activities for at least 90 days of the first 180 days, as a result of the accident. Plaintiff testified in her examination before trial that she worked as a cleaning technician, 5 days per week for approximately 7 hours per day at different places. Plaintiff testified that she can no longer exercise in the same capacity and that she now works caring for an aunt, 7 days a week for 4 hours per day, where she cooks, does laundry, and accompanies her aunt to the doctor. She also testified that she was away from her job for 6 months, after the accident. Plaintiff's testimony as to her restrictions

155768/2020 GENAO, SANTA vs. DELACRUZ, ORLANDO
Motion No. 001

Page 5 of 6

5 of 6

[* 5]

in conjunction with Dr. Berkowitz's report has raised an issue of fact as to the 90/180 days category as well. Accordingly, it is,

**ORDERED** that the motion by Defendant Orlando Delacruz for summary judgment on the grounds that Plaintiff's alleged injuries fail to satisfy the serious injury threshold under Insurance Law 5102(d) is denied; and it is further

**ORDERED** that any requested relief not specifically addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days of entry, Plaintiffs shall serve a copy of this Decision and Order upon the Defendant with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 2/14/2024 | | | |
|---|---|---|---|
| **DATE** | | JAMES G. CLYNES, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

155768/2020   GENAO, SANTA vs. DELACRUZ, ORLANDO
Motion No. 001

Page 6 of 6

[* 6]