■ RAUL MARQUEZ, Appellant, v 171 TENANTS CORP., Respondent/Third-Party Plaintiff-Respondent. DAVID KLEINBERG-

Levin et al., Third-Party Defendants-Respondents. [963 NYS2d 868]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered October 12, 2012, which denied plaintiff's motion for summary judgment on the issue of defendant's liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff alleged that he fell and sustained injuries when the ladder on which he was standing while painting a foyer outside third-party defendant David Kleinberg-Levin's apartment twisted and then slipped out from underneath him. However, the affidavit of Kleinberg-Levin, who hired plaintiff's employer and was in his apartment at the time of the accident, states that no ladders were being used on the project on the date of the alleged accident. Accordingly, the affidavit raises an issue of fact concerning whether plaintiff's accident occurred as alleged. In addition, defendant submitted medical reports wherein plaintiff was quoted as providing a different description of the accident from that alleged. Assuming, without deciding, that the reports are hearsay, they may be submitted in opposition to plaintiff's motion, and may bar summary judgment when considered in conjunction with other evidence (*Guzman v L.M.P. Realty Corp.*, 262 AD2d 99, 100 [1st Dept 1999]).

Under these circumstances, it was appropriate to deny plaintiff's motion and permit discovery to commence (*Wilson v Yemen Realty Corp.*, 74 AD3d 544 [1st Dept 2010]). Concur—Tom, J.P., Friedman, Sweeny and Feinman, JJ.