Sorana M. Georgescu, Appellant, v City of New York, Respondent, et al., Defendants. [968 NYS2d 159]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Weiss, J.), entered October 18, 2011, which, upon a jury verdict, is in favor of the defendant City of New York and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained on September 18, 2007, when her foot and leg slid between the edge of a sewer grate and a sidewalk. After a trial on the issue of liability, the jury returned a verdict finding that the defendant City of New York had not received prior written notice of the condition which allegedly caused the plaintiff's accident. Accordingly, the Supreme Court entered a judgment in favor of the City.

The plaintiff contends that the Supreme Court improperly instructed the jury on the issues of notice and liability. In essence, the plaintiff argues that the Supreme Court failed to instruct the jury that the word "street," as defined in Administrative Code of the City of New York § 7-201 (c) (1) (a), includes the "curb" and, therefore, the jury was misled as to the allegedly defective condition that caused the plaintiff's accident and was hindered in its ability to determine whether the City received prior written notice of such condition. However, the plaintiff's contention is without merit. Contrary to the plaintiff's contention, the charge was sufficient, when read as a whole, to convey the correct legal principles to the jury (*see generally Winderman v Brooklyn/McDonald Ave. Shoprite Assoc., Inc.*, 85 AD3d 1018, 1019 [2011]; *Casella v City of New York*, 69 AD3d 549, 550 [2010]; *Manna v Don Diego*, 261 AD2d 590, 591 [1999]). Moreover, the charge was not misleading, and did not hinder the jury's ability to determine whether the plaintiff's fall was caused by a section of missing curb of which the City received prior written notice through the filing of a map prepared by the Big Apple Pothole & Sidewalk Protection Committee, or a defective sewer grate which was not depicted on the subject map.

"The trial court has broad discretion in controlling the scope

of direct, cross, and redirect questioning" (*Caserta v Levittown School Dist.*, 12 AD3d 549, 550 [2004]; *see Ingebretsen v Manha*, 218 AD2d 784 [1995]). Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in limiting her testimony on redirect examination (*see Ingebretsen v Manha*, 218 AD2d at 784; *cf. Chabica v Schneider*, 213 AD2d 579, 581 [1995]), and in terminating a line of inquiry during the cross examination of one of the City's witnesses, where the plaintiff's counsel repeatedly asked questions which had already been answered, or which were not relevant (*see generally Prendergast v Patel*, 301 AD2d 508, 509 [2003]; *Chase Manhattan Bank v Bekerus*, 276 AD2d 461 [2000]; *Farahmandpour v Singer*, 247 AD2d 358, 359 [1998]).

The plaintiff's remaining contentions are unpreserved for appellate review. Rivera, J.P., Hall, Cohen and Miller, JJ., concur.