OPINION OF THE COURT
Per Curiam.
Judgment, entered September 14, 2012, affirmed, with $25 *63 costs. Appeal from orders, entered, respectively, February 16, 2012 and June 15, 2012, dismissed, without costs, as subsumed in the appeal from the judgment. The issues raised on the appeal from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
This legal malpractice action arises out of defendant attorney’s representation of plaintiff, a Venezuelan native, in connection with an immigration matter. The trial evidence showed, and it is not seriously disputed, that despite a specific directive by the United States Immigration Court that plaintiff personally appear in court on a specified date, defendant advised plaintiff not to comply; that plaintiff heeded defendant’s advice, with neither one appearing as directed on the court date; and that the intentional nonappearance, representing defendant’s purported “strategy” to “buy time,” resulted in the Immigration Court’s issuance of an in absentia deportation order against plaintiff and his subsequent 14-month detention in “lockdown” custody. The jury unanimously returned a plaintiff’s verdict finding that defendant committed legal malpractice, a determination not now directly challenged by defendant on sufficiency or weight of the evidence grounds.
Defendant’s various assignments of error regarding the conduct of the trial are lacking in merit. The jury charge as a whole conveyed the correct legal principles (see Georgescu v City of New York, 107 AD3d 946 [2013]). Plaintiff was not required to prove that “but for” defendant’s negligence, he would have prevailed in the immigration case; rather, his trial burden here was limited to proving that he would not have incurred damages but for defendant’s pursuit of an unreasonable course of action (see Tenesaca Delgado v Bretz & Coven, LLP, 109 AD3d 38, 44 [2013]; see also Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). Nor was it reversible error for the court to include in the verdict sheet a question regarding whether defendant’s alleged malpractice was a “substantial factor” in causing any injury to plaintiff (see Barnett v Schwartz, 47 AD3d 197, 204-205 [2007]; see also Martonick v Pudiak, 285 AD2d 935, 936 [2001]). Contrary to defendant’s contention, there is simply no indication that the verdict sheet, when viewed in the context of the charge as a whole (see Iasello v Frank, 257 AD2d 362 [1999]), caused confusion or doubt among the jurors over the applicable principles of law (see McFadden v Oneida, Ltd., 93 AD3d 1309, 1311 [2012]).
*64 With respect to damages, it need be emphasized that our review of the jury’s award may not be based on the recent decisional law relied upon by defendant—precedent holding that an award of nonpecuniary damages is generally unavailable to a plaintiff in an action for attorney malpractice (see Dombrowski v Bulson, 19 NY3d 347 [2012]). Notably, defendant did not raise an objection to the jury charge as given, instructing the jury that they could award plaintiff damages for pain and suffering, or to the corresponding question on the verdict sheet, and, indeed, defendant raised no objection at trial to the introduction of evidence regarding the mental and emotional disturbance caused by plaintiffs detention. Thus, the court’s unexcepted to jury charge became the law of the case, or more accurately, “consent ... to the law to be applied” (Martin v City of Cohoes, 37 NY2d 162, 165 [1975]; see Knobloch v Royal Globe Ins. Co., 38 NY2d 471, 477 [1976]). Moreover, defendant does not otherwise argue that the award of damages deviated materially from what would be reasonable compensation (see Harvey v Mazal Am. Partners, 79 NY2d 218, 225 [1992]).
Turning to the propriety of the denial of defendant’s eve-of-trial motion to amend his answer, we find no abuse of the court’s discretion. Defendant’s motion for leave to include the statute of limitations as a defense was made approximately eight years after he served his initial answer, and after plaintiff engaged in discovery, motion practice and placed the case on the trial calendar, presumably spending considerable time and expense preparing for trial. Such prejudice, coupled with defendant’s failure to offer an excuse for the substantial delay, warranted a denial of the motion (see Cameron v 1199 Hous. Corp., 208 AD2d 454 [1994]; see also Cseh v New York City Tr. Auth., 240 AD2d 270 [1997]). Defendant’s belated motion for summary judgment on the statute of limitations defense was also properly denied.
Lowe, III, EJ., Shulman and Torres, JJ., concur.