■ José Borges, Respondent, v Alfred Placeres, Appellant. [2 NYS3d 75]—

Order of the Appellate Term of the Supreme Court, First Department, entered on or about March 5, 2014, which affirmed a judgment, Civil Court, New York County (Frank P. Nervo, J.), entered September 14, 2012, after a jury trial, in plaintiff's favor, unanimously affirmed, without costs.

Defendant's motions to amend his answer to assert a statute of limitations defense and for summary judgment dismissing the complaint, made on the eve of trial eight years after the answer was served, were properly denied for lack of any excuse for the delay (*see Van Damme v Gelber*, 111 AD3d 408, 409-410 [1st Dept 2013], *lv denied* 23 NY3d 904 [2014]). The motion for summary judgment did not seek relief against a party whose timely motion for summary judgment was returnable the same day, and therefore did not fall within the exception permitting a court to entertain an untimely summary judgment motion (*see Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 87-89 [1st Dept 2013]; *Genger v Genger*, 120 AD3d 1102 [1st Dept 2014]).

The charge and verdict sheet appropriately required that defendant's negligence in this attorney malpractice action be a substantial factor in causing plaintiff's harm (*see Barnett v Schwartz*, 47 AD3d 197, 204-205 [2d Dept 2007]). Contrary to defendant's contention, the gravamen of plaintiff's claim is not that defendant's departures caused plaintiff to be denied an adjusted immigration status, tantamount to losing a case, but that those departures resulted in a deportation order and the failure to vacate it due to bad advice. Defendant's argument that the damages awarded for the harm resulting from plaintiff's 14 months in detention constitute non-pecuniary damages that are not recoverable in a legal malpractice action is unpreserved.

We have considered defendant's other contentions and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Kapnick, JJ.