CANDELA ENTERTAINMENT, INC., Respondent, and CYNTHIA NEWPORT, Respondent-Appellant, v DAVIS & GILBERT, LLP, Appellant-Respondent. [7 NYS3d 62]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered April 14, 2014, which, to the extent appealed from as limited by the briefs, granted defendant law firm's motion to dismiss the first cause of action, alleging legal malpractice, as asserted by the individual plaintiff, and denied dismissal of that cause of action as asserted by the corporate plaintiff, unanimously modified, on the law, to dismiss the first cause of action in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the amended complaint.

Plaintiffs' allegations failed to establish that plaintiffs had a cause of action for legal malpractice. The pleadings, affidavits and documentary evidence submitted on the motion established that the law firm's alleged malpractice did not proximately cause plaintiffs any injury (*see generally Borges v Placeres*, 123 AD3d 611, 611 [1st Dept 2014]; *Barnett v Schwartz*, 47 AD3d 197, 205 [2d Dept 2007]). Plaintiffs never alleged that they would have abandoned or postponed the assignment of film rights and attendant intellectual property from the individual plaintiff's nonparty, nonprofit corporation to the plaintiff corporation, had they been advised by the law firm that the film involved licensing issues necessitating licensor consents in order to be freely marketable. The individual plaintiff had

secured the licenses for materials used in the film before the assignment, and plaintiffs do not allege that they were unable to secure consents after the assignment. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Clark, JJ.