<partyblock>

Jose Borges, Plaintiff-Respondent,  

against

Alfred Placeres, Defendant-Appellant.

Defendant, as limited by his briefs, appeals from (1) an order of the Civil Court of the City of New York, New York County (Dakota D. Ramseur, J.), dated June 27, 2018, which, upon plaintiff judgment-creditor's motion for a turnover order, directed defendant judgment-debtor to assign to plaintiff an unasserted legal malpractice cause of action that defendant has against his litigation counsel in the underlying action, and (2) an order (same court and Judge), dated November 2, 2018, which, upon reargument, adhered to the prior determination.

Per Curiam.

Order (Dakota D. Ramseur, J.), dated June 27, 2018, insofar as appealed from, reversed, with $10 costs, and the motion denied. Appeal from order (Dakota D. Ramseur, J.), dated November 2, 2018, dismissed, without costs, as academic.

The underlying facts of this legal malpractice case are set forth in our prior decision (see Borges v Placeres, 43 Misc 3d 61 [App Term, 1st Dept 2014], affd 123 AD3d 611 [2014]). Briefly stated, plaintiff, a Venezuelan native, retained defendant Placeres, an attorney, in connection with an immigration matter. As a result of Placeres' negligence (i.e., his departure from an attorney's professional standard of care), the Immigration Court issued an in absentia deportation order against plaintiff, resulting in plaintiff spending 14 months in detention lockdown. The jury verdict finding that defendant committed malpractice, and awarding plaintiff damages in the amount of $1,249,121.37, inclusive of $900,000 for pain and suffering, was affirmed following two appeals.

It is not seriously disputed that, but for the error of Placeres' litigation counsel, namely Jose Luis Torres and Brian Robinson, in failing to object to plaintiff's pain and suffering evidence or the related jury charge and verdict sheet, Placeres might not have been liable for [*2]$900,000 in pain and suffering damages (see Borges v Placeres, 43 Misc 3d at 64).[FN1]

After the verdict, Placeres filed for bankruptcy, but he was ultimately denied a discharge because he "knowingly failed to disclose" his potential malpractice claim against his litigation counsel, for the errors resulting in the $900,000 pain and suffering award (In re Placeres, 578 BR 505, 523 [Bankr SD NY 2017]).

Plaintiff's judgment against Placeres remains unsatisfied. As a means of enforcing the judgment, plaintiff moved, inter alia, for an order directing Placeres to turnover or assign to plaintiff the (unasserted) cause of action for legal malpractice that Placeres has against his litigation counsel. Placeres opposed the motion on various grounds. As the Bankruptcy Court explained, Placeres refused to assign the malpractice cause of action to plaintiff because his attorney of record, specifically, Jose Luis Torres, "was his friend since high school, he represented Placeres for free, Torres did not represent him at trial and he was not going to throw Torres 'under the bus'" (In re Placeres, 578 BR at 523).

Civil Court granted plaintiff's motion to the extent that "any and all rights to any prospective cause of action arising from the professional negligence and/or legal malpractice of defendant's attorneys in the scope of their representation in this action is hereby immediately assigned to plaintiff..." (Borges v Placeres, 60 Misc 3d 1033, 1043 [Civ Ct, NY County 2018]). With respect to Placeres' argument that the assignment is barred by judicial estoppel, the court held that the only issue before it is the assignability, not vitality, of the potential malpractice cause of action, and that any judicial estoppel defense could be asserted in the ensuing litigation.

Defendant appeals, and we now reverse. In the particular facts of this case, we conclude that plaintiff is judicially estopped from pursuing any assigned legal malpractice cause of action that Placeres has against his litigation counsel.

The doctrine of judicial estoppel "prevents a party who assumed a certain position in a prior proceeding and secured a ruling in his or her favor from advancing a contrary position in another action, simply because his or her interests have changed" (Becerril v City of NY Dept. of Health & Mental Hygiene, 110 AD3d 517, 519 [2013], lv denied 23 NY3d 905 [2014]; see Herman v 36 Gramercy Park Realty Assoc., LLC, 165 AD3d 405, 406 [2018], lv denied __ NY3d __, 2019 NY Slip Op 72363 [2019]). The doctrine rests upon the principle that a litigant should not be permitted to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise (see Leonia Bank v Kouri, 3 AD3d 213, 219 [2004]).

At the trial of the underlying action, plaintiff argued that he suffered grievously as a result of Placeres' legal malpractice in the underlying immigration matter, which malpractice resulted in plaintiff spending fourteen months confined by immigration authorities, during which he twice attempted suicide. Plaintiff propounded the legal theory that, in addition to pecuniary damages, he was entitled to nonpecuniary damages for pain and suffering. Plaintiff adduced evidence at [*3]trial as to his pain and suffering, requested a jury charge and verdict sheet with respect to this item of damages, and, as a result, he recovered $900,000 for his pain and suffering. Plaintiff also successfully defended the pain and suffering award in two appeals (43 Misc 3d 61 [App Term, 1st Dept 2014], affd 123 AD3d 611 [2014]). However, in an assigned legal malpractice action against Placeres' attorneys, plaintiff must necessarily bear the burden of proving a proposition directly contrary to his prior position. Plaintiff must now assert that, but for defendant's trial counsel's error in failing to object to the pain and suffering evidence or the related jury charge and verdict sheet, he was not entitled to the $900,000 damages for pain and suffering that he successfully obtained and defended on appeal.

We hold that the doctrine of judicial estoppel bars plaintiff from arguing such fundamentally inconsistent positions merely because his interests have now changed (see Molina v Faust Goetz Schenker & Blee, LLP, 230 F Supp 3d 279 [SD NY 2017] [under New York law, when a legal malpractice claim is assigned to a former litigation adversary, judicial estoppel precludes the assignee from taking a position in the legal malpractice case that contradicts the assignee's position in the underlying case]). Courts in other jurisdictions have reached similar conclusions (see Alcman Servs. Corp. v Samuel H. Bullock, P.C., 925 F Supp 252 [D NJ 1996] affd 124 F3d 185 [3d Cir 1997]; Sandman v McGrath, 78 Mass App Ct 800, 943 NE2d [2011]; see also Kracht v Perrin, Gartland & Doyle, 219 Cal App 3d 1019, 1024
101; Chang v Chang, 226 AD2d 316 [1996]; see also Tawil v Finkelstein Bruckman Wohl Most & Rothman, 223 AD2d 52 [1996]), this case involves more than a voluntary assignment.

Rather, in this case, we are presented with an assignment of a legal malpractice cause of action to a litigation adversary that the client (Placeres), the victim of the malpractice, had not asserted and does not want to assert. In view of the fiduciary nature of the attorney client [*4]relationship, and the attorney's duty to accord undivided loyalty to the client (see Matter of Cooperman, 83 NY2d 465, 472 [1994]), the defendants in the assigned action (attorneys Torres and Robinson) are placed in an untenable position. They must preserve the attorney-client privilege with Placeres, the latter having done nothing to waive the privilege, and uphold their undivided loyalty to him, while trying to show that their representation of Placeres was not negligent. Since the assignment at issue involves and invokes the unique lawyer-client relationship, the duty of confidentiality, the duty of the lawyer that runs only to the client, and the possibility that confidential lawyer-client information may be divulged in defending against assigned claims, or that a defense may be precluded based on confidential communications, it should also be denied on public policy grounds.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court

Decision Date: July 18, 2019

Footnotes

Footnote 1: At the time of trial, there was a split among the departments concerning whether nonpecuniary damages could be recovered in an action for legal malpractice. The Court of Appeals resolved the split after the trial was completed (see Dombrowski v Bulson, 19 NY3d 347, 352 [2012]["We see no compelling reason to depart from the established rule limiting recovery in legal malpractice actions to pecuniary damages"]).

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>