Pina v Arthur Clinton Hous. Dev. Fund Corp. (2020 NY Slip Op 06968)





Pina v Arthur Clinton Hous. Dev. Fund Corp.


2020 NY Slip Op 06968


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Friedman, J.P., Manzanet-Daniels, Oing, Kennedy, JJ. 


Index No. 20623/16 Appeal No. 12470 Case No. 2020-02444 

[*1]Mario Ortiz Pina, Plaintiff-Appellant,
v
Arthur Clinton Housing Development Fund Corp., Defendant-Respondent.


Rimland & Associates, New York (Edward Rimland of counsel), for appellant.
Newman Myers Kreines Harris P.C., New York (Stephen N. Shapiro of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 13, 2019, which denied plaintiff's motion for summary judgment on his Labor Law § 241(6) claim, unanimously affirmed, without costs.
The motion court properly denied plaintiff's motion for summary judgment on his Labor Law § 241(6) claim, which was predicated on an alleged violation of Industrial Code (12 NYCRR) § 23-1.7(d). Although plaintiff testified that his injuries resulted from a slippery condition at the work site, plaintiff's own conflicting accounts of what caused the accident and [*2]resulting injury were sufficient to raise a triable issue of fact as to how the accident occurred and whether a slip and fall on a wet surface was a proximate cause. In addition to two witnesses' testimony that plaintiff told them that he struck himself in the face with plywood while prying it up, and the plywood "went back" on him, plaintiff's own submissions to the Workers Compensation Board provided inconsistent accounts of how the accident occurred and did not mention a slip and fall on a watery surface (see Marquez v 171 Tenants Corp., 106 AD3d 422, 423 [1st Dept 2013]; see also Nunez v City of New York, 100 AD3d 724, 724-725 [2d Dept 2012]).
The court properly considered some of the medical records submitted in opposition to plaintiff's summary judgment motion, in which plaintiff also provided inconsistent accounts of how the accident occurred. Even assuming that the descriptions of the accident contained in plaintiff's medical records were not germane to his treatment and diagnosis, the entries in at least three of the medical records were directly attributable to plaintiff so as to constitute admissions (see Robles v Polytemp, Inc., 127 AD3d 1052, 1054 [2d Dept 2015]; Marquez at 423; cf. Benavides v City of New York, 115 AD3d 518, 519-520 [1st Dept 2014]). Even assuming that these entries constituted hearsay, they may be submitted in opposition to plaintiff's motion and properly considered in conjunction with the other evidence in the record, which provided different descriptions of the accident (Marquez at 423). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020