Suarez v Ades (2023 NY Slip Op 00175)

Suarez v Ades

2023 NY Slip Op 00175

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Kern, J.P., Oing, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 150599/17 Appeal No. 17092 Case No. 2022-01931 

[*1]Gabriel Suarez, Plaintiff-Respondent-Appellant,
v
Yves Ades et al., Defendants-Appellants-Respondents.

Peirce & Salvato, PLLC, White Plains (Roland T. Koke of counsel), for appellants-respondents.
Kramer & Pollack, Mineola (Joshua D. Pollack of counsel), for respondent-appellant.

Order, Supreme Court, New York County (William Perry, J.), entered March 28, 2022, which, inter alia, granted plaintiff's motion for a new trial on the issue of damages, unanimously reversed, on the law, without costs, and the motion denied. The Clerk is directed to enter judgment in conformity with the verdict sheet and stipulated medical expenses.
The trial court should not have set aside the verdict based on a determination that the verdict sheet was, on its face, unclear and confusing. None of the parties or the court perceived any lack of clarity until after the jury was discharged, and there was no evidence in the trial record of substantial juror confusion (see Natoli v City of New York, 180 AD3d 477, 478 [1st Dept 2020]). Although the court stated that it gave no consideration to the posttrial juror affidavits stating that they believed that they were supposed to deduct from the damage award the amount of plaintiff's comparative fault, that was the only evidence of jury confusion provided by plaintiff. However, "[ j]uror affidavits should not be used to impeach a jury verdict absent extraordinary circumstances," not present here ( Selzer v New York City Tr. Auth., 100 AD3d 157, 164 [1st Dept 2012] [internal quotation marks omitted]). Moreover, plaintiff did not object to the verdict sheet or the charge until after the jury was discharged, and therefore, waived such objections (see Barry v Manglass, 55 NY2d 803, 805-806 [1981]).
The damage award of $50,000 for past pain and suffering, $200,000 for future pain and suffering and a stipulated $37,000 for future surgery, did not deviate materially from what would be reasonable compensation (see Cabrera v New York City Tr. Auth., 171 AD3d 594, 595 [1st Dept 2019], lv denied 33 NY3d 913 [2019]), and was not against the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). Plaintiff admitted that he was able to run, walk, bicycle crosstown, windsurf, and engage in whatever activities he wanted since 2016. The jury award should be reinstated.
We have considered the parties remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023