Parlux Fragrances, LLC v S. Carter Enters., LLC (2023 NY Slip Op 02945)

Parlux Fragrances, LLC v S. Carter Enters., LLC

2023 NY Slip Op 02945

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Kapnick, J.P., Oing, Gesmer, Singh, Shulman, JJ. 

Index No. 650403/16 Appeal No. 359-360 Case No. 2022-03563, 2022-03724 

[*1]Parlux Fragrances, LLC, et al., Plaintiffs-Appellants,
v
S. Carter Enterprises, LLC, et al., Defendants-Respondents. 

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., New York (Anthony J. Viola of counsel), for appellants.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Ellyde R. Thompson of counsel), for respondents.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered August 25, 2022, awarding defendants the total amount of $6,780,870.60 on their counterclaim for breach of contract for unpaid royalties, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about July 7, 2022, which denied plaintiffs' motion for judgment notwithstanding the verdict and granted defendants' motion for judgment as a matter of law to the extent of finding defendants entitled to entry of judgment for unpaid royalties, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The facts underlying this action are set forth in this Court's recent decision, Parlux Fragrances, LLC v S. Carter Enters., LLC, 204 AD3d 72, 75 [1st Dept 2022] (the first appellate decision).
Supreme Court correctly denied plaintiffs' motion for a directed verdict, as such a verdict is appropriate "only where there is no rational process that would lead a trier of fact to find for the nonmoving party" (Sweeney v Bruckner Plaza Assoc., 57 AD3d 347, 349 [1st Dept 2008], appeal dismissed 12 NY3d 832 [2009]). Plaintiffs' main assertions do not actually focus on the irrationality of the verdicts. Rather, plaintiffs contend that the court disregarded the first appellate decision and the law of the case when it continued to treat their obligations under the parties' license agreement as "conditions precedent" on which plaintiffs had the burden of proof rather than as affirmative defenses requiring defendants to prove a material breach. Plaintiffs further maintain that the court should have set aside the verdict and ordered a new trial because the trial court's jury instructions and verdict sheets improperly required them to prove compliance with these "conditions precedent." We reject these arguments.
Initially, plaintiffs failed to preserve their present objections to the jury charge, and the objections were therefore waived (see Carrasquillo v American Type Founders Co., 183 AD2d 410, 410 [1st Dept 1992], lv denied 18 NY2d 703 [1993]). Plaintiffs also did not object to the verdict sheet before jury deliberations began, and thus waived that objection, as well (see Suarez v Ades, 212 AD3d 476, 477 [1st Dept 2023]).
In addition, we are unpersuaded by plaintiffs' argument that their appeal of Supreme Court's summary judgment decision months before trial constituted a sufficient objection to characterizing two contract terms as "conditions precedent." The two contract terms at issue were the requirement that defendant Shawn Carter receive a certain amount of notice before being obliged to make personal appearances, and plaintiff's obligation to provide defendants with a product development plan (PDP) for licensed product lines. We are similarly unpersuaded that specific objections to the jury instructions and verdict sheet were not required because the court was aware of plaintiffs' ongoing objection (CPLR 4017). Plaintiff's appeal [*2]and argument before trial of an earlier motion in the case did not excuse plaintiffs from their obligation to preserve trial objections (see Borges v Placeres, 43 Misc 3d 61, 64 [Sup Ct App Term Mar. 5, 2014], affd 123 AD3d 611 [1st Dept 2014]).
Moreover, despite plaintiffs' position on appeal, making an objection based on the burdens of proof and the "conditions precedent" language did not require them to be clairvoyant. They had made the same arguments in their briefing on their earlier appeal, and their failure to make an exception to the jury charge was tantamount to "consent . . . to the law to be applied" (Borges, 43 Misc 3d at 64). In any event, the court correctly instructed the jury on the burdens of proof, and any error in characterizing the notice requirement for personal appearances and the PDP as "conditions precedent" was harmless when considering the overall instructions (see Matter of New York City Asbestos Litig., 225 AD2d 414, 415 [1st Dept 1996], affd 89 NY2d 955 [1997]).
Nor have plaintiffs established that they were entitled to a directed verdict because the jury's decision was irrational (see Sweeney, 57 AD3d at 349). The court correctly found that plaintiffs have not come close to meeting this heavy burden.
There were multiple rational bases for upholding the jury verdict, and plaintiffs have not set forth a sufficient basis for Supreme Court to overturn it.
The court also correctly entered judgment in defendants' favor on their counterclaim for unpaid minimum guaranteed royalties. The judgment simply implemented this Court's ruling in the first appellate decision, which is now law of the case (Parlux Fragrances, 204 AD3d at 89). Moreover, the amount of royalties is readily apparent from the plain terms of the license agreement, and plaintiffs cannot now be heard to complain that the amount it stipulated to and submitted to the court in its proposed judgment was incorrect.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023