Marquez v 171 Tenants Corp. (2023 NY Slip Op 05367)

Marquez v 171 Tenants Corp.

2023 NY Slip Op 05367

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 106616/11 Appeal No. 867 Case No. 2022-04586 

[*1]Raul Marquez, Plaintiff-Respondent,
v
171 Tenants Corp., Defendant-Appellant, David Kleinberg Levin et al., Defendants.

Mauro Lilling Naparty LLP, Woodbury (Jessica L. Smith of counsel), for appellant.
Pollack Pollack Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Judgment, Supreme Court, New York County (Louis L. Nock, J.), entered October 3, 2022, to the extent appealed from as limited by the briefs, upon a jury verdict in plaintiff's favor, awarding damages in favor of plaintiff and against defendant 171 Tenants Corp. for past and future pain and suffering and future medical expenses, unanimously affirmed, without costs.
As we noted in a prior appeal, this personal injury action stems from plaintiff's allegation "that he fell and sustained injuries when the ladder on which he was standing while painting a foyer outside . . . [an] apartment twisted and then slipped out from underneath him" (Marquez v 171 Tenants Corp., 106 AD3d 422, 423 [1st Dept 2013]). At trial, defendant's counsel sought to procure the testimony of a nonparty witness who had been working with plaintiff at the time of his accident. However, because the witness was uncooperative and declined to appear voluntarily, defense counsel requested that the court issue a bench warrant for his arrest, which the court did. As a result, the witness was restrained in handcuffs as he testified during defendant's case in chief. Defendant did not preserve his argument that the trial court erred in failing to order the witness's handcuffs removed or to give the jury instruction regarding the issue, as defendant did not ask for that relief during trial (see Horton v Smith, 51 NY2d 798, 799 [1980]; Parlux Fragrances, LLC v S. Carter Enters., LLC, 217 AD3d 420, 420-421 [1st Dept 2023]). In any event, were we to address defendant's argument, we would find that the error did not deprive defendant of substantial justice or affect the verdict such that we may substitute our discretion for that of the trial court and order a new trial in the interest of justice, particularly in light of the fact that defendant himself requested the bench warrant for the witness' arrest (see Smith v Rudolph, 151 AD3d 58, 62 [1st Dept 2017]). We note, this record does not provide a basis for keeping the witness handcuffed while testifying.
The trial court properly redacted a notation in plaintiff's hospital records concerning the manner in which plaintiff's accident occurred. This notation was neither germane to the diagnosis and treatment of plaintiff's injuries nor directly attributable to plaintiff (see e.g. Mosqueda v Ariston Dev. Group, 155 AD3d 504, 504 [1st Dept 2017]; Grant v New York City Tr. Auth., 105 AD3d 445, 446 [1st Dept 2013]).
The trial court providently exercised its discretion in denying defendant's application for a one-week adjournment when his counsel fell ill partway through the trial. The jury had already been empaneled, the trial had already begun shortly before Thanksgiving, both parties had spent significant resources trying the case, and had a mistrial resulted from the adjournment, the case would not have been able to be retried by a jury until the following June. Under the circumstances presented, the relief fashioned by the court — a two-day adjournment [*2]so that defendant could retain substitute trial counsel and allow counsel adequate time to prepare — fell well within the trial court's broad discretion to control its own calendar (see Matter of Steven B., 6 NY3d 888, 889 [2006]; SKR Design Group, Inc. v Avidon, 32 AD3d 697, 699 [1st Dept 2006]).
We reject defendant's argument that plaintiff failed to establish a causal relationship between his injuries and his accident. The jury apparently credited plaintiff's testimony about the nature and extent of his knee and lumbar injuries and that of his experts causally relating his injuries to the accident and declined to credit the testimony by defendant's experts that the injuries were nonexistent or not causally related to the accident. The jury also declined to credit defendant's arguments that the accident did not occur in the manner that plaintiff alleged. Such credibility determinations are properly made by a jury and defendant has offered no basis for disturbing those determinations (see e.g. Rozon v Schottenstein, 204 AD3d 94, 100, 102-103 [1st Dept 2022]). Given the nature and extent of plaintiff's injuries, we also reject defendant's assertion that the jury's awards for pain and suffering were excessive.
Plaintiff's evidence was sufficient to prove his future medical expenses with the requisite degree of reasonable certainty (see e.g. Natoli v City of New York, 180 AD3d 477, 478-479 [1st Dept 2020]). Furthermore, defendant waived his argument that the jury's award of future medical expenses over 33 years is inconsistent with its award of future pain and suffering over 20 years because it failed to raise the issue before the jury was discharged (see e.g. Hernandez v Consolidated Edison Co. of N.Y., Inc., 198 AD3d 564, 564 [1st Dept 2021]; Farrugia v 1440 Broadway Assoc., 188 AD3d 563, 563-564 [1st Dept 2020]).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023