Chiatto v Four State Commercial Devs., LLC (2025 NY Slip Op 01570)

Chiatto v Four State Commercial Devs., LLC

2025 NY Slip Op 01570

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 20516/18|Appeal No. 3935|Case No. 2024-01640|

[*1]Angelo Chiatto, Plaintiff,
v
Four State Commercial Developers, LLC Doing Business as Bridgetown, LLC, Defendant.

Four State Commercial Developers, LLC Doing Business as Bridgetown, LLC, Third-Party Plaintiff-Respondent,
v
Federal Express Corporation, Third-Party Defendant-Appellant.

Morrison Mahoney LLP, New York (Demi Sophocleous and Anthony J. Milone of counsel), for appellant.
Mauro Lilling Naparty LLP, Woodbury (Jessica L. Smith of counsel), for respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about January 11, 2024, which, to the extent appealed from, denied third-party defendant Federal Express Corporation's (FedEx) motion for summary judgment dismissing third-party plaintiff Four State Commercial Developers, LLC d/b/a Bridgetown, LLC's (Four State) claim for contractual indemnification, unanimously affirmed, without costs.
The subject indemnification provision requires FedEx to indemnify Four State against all claims resulting in bodily injury arising from FedEx's use of the property, excluding claims arising from intentional or negligent acts of Four State or its agents, employees, or contractors. Here, an issue of fact exists as to whether plaintiff's accident arose from FedEx's use of the property. FedEx failed to preserve its challenge to the admissibility of plaintiff's written statement, which indicated that he "[s]lipped off [the] foot ledge of driver side door while exiting [his FedEx] vehicle" when returning from his delivery route. We also decline to review it since it is "not [a] purely legal argument[] apparent on the face of the record but depend[s] on facts not brought to the parties' attention below" (Weidtman v Tremont Renaissance Hous. Dev. Fund Co., Inc., 224 AD3d 488, 492 [1st Dept 2024] [internal quotation marks and brackets omitted]). Accordingly, plaintiff's written statement may be considered.
However, FedEx preserved its argument that the hospital records are inadmissible hearsay. Even assuming that the descriptions of the accident in plaintiff's hospital records are inadmissible hearsay, they may be considered in opposition to the motion in conjunction with the other evidence in the record, including plaintiff's written statement and his manager's deposition testimony (see Pina v Arthur Clinton Hous. Dev. Fund Corp., 188 AD3d 614, 615 [1st Dept 2020]).
FedEx's argument that the indemnification provision is unenforceable based on General Obligations Law § 5-322.1 is unavailing. The statute applies to contracts related to the construction, alteration, repair, or maintenance of a building or structure and does not apply to the indemnification provision at issue here, which arises from a lease agreement (see Selis v Town of N. Hempstead, 213 AD3d 878, 880 [2d Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025